## QUINN ET AL V. ADAIR.

1. When a summary judgment is authorized upon a bond, the same construction is to be given to the bond as would be if the recovery was sought by suit.

2. The statute requiring the appellant from the judgment of a Justice of the Peace to give bond, applies as well to the plaintiff as to the defendant.

3. An appeal bond given by the plaintiff, conditioned to sustain and prosecute the appeal will not sustain a judgment against the securities to it, the words *to pay and satisfy the condemnation of the Court*, being required by the statute and omitted from the condition.

WRIT of Error to the Circuit Court of Coosa County.

The questions made by the assignments of error grow out of the rendition of a judgment against the securities of Quinn to on appeal bond. The action was commenced before a Justice in the name of E. W. Quinn, for the use of Abner Quinn, against Adair. The Justice seems to have rendered judgment in favor of Adair, the defendant, for eighteen dollars and thirty-seven cents, but it does not appear whether it was given against the real or the nominal plaintiff, except that the recitals of the appeal bond, afterwards given by E. W. Quinn, state the judgment as having been rendered against him, but this recital varies from the statement of the Justice in giving the sum of the judgment as $38 62. An appeal was granted to the Circuit Court, and E. W. Quinn executed a bond, with Wm. Z. Terry, W. K. Greenwood and George Gray as his sureties.

This bond, after reciting the appeal of Quinn from a judgment in favor of Adair, for $38 62, is conditioned to appear at the next Circuit Court, and then and there to prosecute and sustain his appeal.

The case was tried on the appeal, and judgment rendered in favor of Adair for costs of suit. At the succeeding term, Adair produced the appeal bond sent up by the Justice, and moved the Court to enter judgment *nunc pro tunc* against the securities as well as against Quinn. The Court granted the motion by rendering the judgment, but signed a bill of excep-

tions at the instance of the plaintiff and his sureties. The writ
of error is prosecuted to reverse this judgment.

CHILTON, for the plaintiff in error, insisted that it was error
to call the securities into Court after the final disposition of the
suit against their principal, but however this might be, no
judgment ought to have been rendered, because the condition
of the bond is not such as is required by the statute, [Digest,
260, §9,] and therefore no summary judgment could be given.
It may also be questioned whether the ₁act contemplates a
bond to be given by a plaintiff when he is the appellant.

MORRIS, contra.

GOLDTHWAITE, J.—1. It is contended by the plaintiff
in error, that the condition of the bond is to receive the same
construction, whether the remedy on it is by suit or by a sum-
mary judgment. In this we entirely concur, and our opinion
is, that if the bond is so defective as not to warrant the judg-
ment, it is immaterial whether the remedy is sought by suit or
motion.

2. It is also insisted that the act authorizing appeals from
the judgment of a Justice, and providing that the appellant
shall give bond and security, does not contemplate the case of
an appeal by the plaintiff.

The statute is in these words—any person aggrieved by the
judgment of any Justice, may, within five days thereafter, ap-
peal to the next superior Court, sitting for his county, first
giving to such Justice bond with good security in double the
amount of such judgment, conditioned to prosecute such appeal
to effect; and in case he be cast therein to pay and satisfy the
condemnation of the Court. [Dig. 260, §9.]

This enactment is sufficiently broad to cover the case of a
plaintiff, and the only reason of any force against the practice
grows out of the fact that the judgment in most cases against
the plaintiff is only for the costs, which are necessarily small
in amount, and therefore the bond in its penalty will not in or-
dinary cases be sufficient to cover the costs in the Circuit Court.
We are not called on to determine the amount of security af-
forded by such a bond, and in our opinion it is as obligatory

. on the plaintiff as it is on the defendant to give bond and security in case of appeal.

3. The judgment is next opposed for the reason that all the condition has been fulfilled by the prosecution of the appeal to effect; and as it does not contain the further condition to pay and satisfy the condemnation of the Court, the judgment cannot be sustained.

We think this objection is well taken. It is impossible to say that the condition of this bond is the same as that required by the statute—its only condition is that the plaintiff shall prosecute and sustain his appeal; this has been done, and he has been so far successful as to rid himself of the principal amount for which judgment was rendered; but independent of this, no judgment ought to have been rendered on the bond, for its want of conformity to the statute, which is the only matter which can warrant a summary judgment on it.

For this error the judgment of the Circuit Court, rendering judgment *nunc pro tunc* against the sureties in the bond is reversed.