## HARVEY v. JETER, ET AL.

1. In the statutory action of detinue when the plaintiff consents to a nonsuit, if a judgment for costs is entered against his surety, as well as himself, it will be considered as a clerical misprision, and may be corrected at a subsequent term, on motion of the defendants: but if such a judgment was ordered on due consideration, although it is irregular for one judge to correct the errors of another, the plaintiff could not be heard to assign error, as no injury has resulted to him from the amendment.

Writ of error to the Circuit Court of Shelby.

HARVEY was the plaintiff in action of detinue, commenced against Cornelius and J. W. Jeter, and Thomas Harvey, in which he entered into the statutory bond, with Ashley Parker as his surety, conditioned to pay the defendants all such costs and damages as they might sustain, by the wrongful suing out of the writ in that action.   At the fall term for the year 1842, Harvey consented to become *nonsuit*, and thereupon a judgment was entered against him, and also against Parker as his surety, for the costs of suit.   At the spring term, 1844, the defendants moved to amend the judgment thus rendered, so as to make it against Harvey only, and the Court so amended it,

Harvey v. Jeter, et al.

upon the production of the original papers in the suit, considering the previous judgment as incorrect.

Harvey opposed the amendment, and excepted to the decision of the Court allowing it. This amendment is now assigned as error.

PECK & L. CLARK, for the plaintiff in error, insisted that the first judgment was the consideration of the Court upon the bond, and that the error could not be corrected at a subsequent term. [Allen v. Bradford, 3 Ala. Rep. 281; Bentley v. Wright, Ib. 607.]

B. F. PORTER, contra, submitted that the cases cited by the plaintiff, were direct in favor of the defendant.

GOLDTHWAITE, J.—We think the presumption of law is, that a judgment, such as the one first rendered in this case, is a mere clerical misprision, which'may at any time be amended. It is not the case where an erroneous judgment is given on a defective statutory bond, as it was in Quinn v. Adair, 4 Ala. Rep. 315; but in the statutory action of detinue, no judgment is rendered upon the bond, when the suit is disposed of against the plaintiff. The *prima facie* intendment is, that the Court directed the proper judgment in this case, against the plaintiff only, and that the clerk, without authority from the Court, or statute, entered it against the surety, as well as the principal. The correction of this, at a subsequent term, was entirely proper, but if the judgment had been rendered upon due consideration, by the Court itself, although it cannot be held that one judge may thus correct the errors of another, yet, even if that was the case here, the plaintiff would not be permitted to assign error, as no injury can arise to him from the error committed.

Under either view, the judgment must be affirmed.