# Reynolds v. Cox.

*Summary Judgment against Sureties on Appeal Bond.*

1. *Summary judgment.*—To justify an appellate court in rendering a summary judgment against sureties upon an obligation, executed as and for an appeal bond, it is not sufficient that the obligation be good merely as a common law bond; it must be in substantial compliance with the terms of the statute.

2. *Same; statutory appeal bond.*—An acknowledgment that a person becomes security "for all costs and damages as may be sustained by defendant by reason of the appeal," is not the equivalent of the obligation of the bond required by Code, § 3399.

APPEAL from Geneva Circuit Court.

Tried before Hon. J. W. FOSTER.

This cause grew out of a suit by McKennon & Daniel against appellee, brought originally in a justice's court

[Reynolds v. Cox.]

and carried by said McKennon & Daniel to the circuit court by appeal.

Appellant was surety on this appeal bond. On April 25, 1891 McKennon & Daniel brought an action in a justice's court against appellee, which said firm carried said case, by appeal, to the circuit court, in which court, at the Spring term, 1894, thereof, the said McKennon & Daniel took a non-suit. Appellant was surety on the appeal bond of McKennon & Daniel, but no judgment was rendered against him as such surety, the judgment of non-suit merely reciting that the defendant have and recover of McKennon & Daniel the costs expended, etc.

At the Spring term, 1895, of said circuit court, appellee entered a motion on the motion docket to so amend said judgment as to make it read "that the defendant go hence and be discharged and recover of the plaintiffs, A. M. McKennon and R. Y. Daniel and their surety, F. L. Reynolds, on appeal bond, the cost in this behalf expended," etc.

Appellant was duly served with notice of said motion, and appeared and resisted the same. Said motion was heard by the court at the Spring term 1895 thereof, and judgment entered granting it, and appellant duly excepted.

The judgment in the case of McKennon & Daniel against appellee was thereupon amended in accordance with said motion. The appeal bond before referred to, was in these words:

'We, the undersigned, acknowledge ourselves security for all costs and damagess as may be sustained by defendant by reason of he appeal taken this day from the judgment of the court in said cause."

From such judgment, the surety appealed.

M. E. MILLIGAN, for appellant.

J. P. CLAYTON, contra.

HEAD, J.—To justify an appellate court in rendering a summary judgment against sureties upon an obligation, executed as and for an appeal bond, it is not sufficient that the obligation be good merely as a common law bond, it must be in substantial compliance with the terms of the statute.—*State v. City*

[Ward *et al.* v. Ward *et al.*]

*Council of Montgomery*, 74 Ala. 226; *Quinn v. Adair*, 4 Ala. 315. An acknowledgment, that a person becomes security "for all costs and damages as may be sustained by defendant by reason of the appeal," is evidently not the equivalent of an agreement "to pay such judgment as may be rendered" against the plaintiff by the court to which the cause is sought to be removed, required by section 3399 of the Code, to be given on appeals from a justice's court to the circuit court. The circuit court was, therefore, without authority to render a summary judgment against the appellant, who was simply a surety, and its judgment, to the extent we have indicated, must be here reversed and annulled. There is no occasion to remand the cause.

Reversed and rendered.