(80 South. 146)

## DEAS v. GARRETT & MASON. (1 Div. 282.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. APPEAL AND ERROR ☞1149—CORRECTION OF JUDGMENT—FORM.

In detinue where verdict was "for one cow, $30, one calf, $10, one calf, $7," and judgment concluded "against defendant for the property or its alternate value of $47," failure of judgment to follow verdict by separately stating value of articles could be corrected from the data afforded by the record, under Code 1907, § 2890.

2. JUSTICES OF THE PEACE ☞159(9)—APPEAL BONDS—SUFFICIENCY.

Where verdict was "for one white cow, $30, one calf, $10, one calf, $7," an appeal bond to the justice of peace reciting that "if defendants should prosecute to effect an appeal from the judgment in the sum of $44, and $———, costs, or if he fails in said appeal, should pay the judgment," was sufficient in form.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Detinue by Garrett & Mason, as partners, doing business under the firm name of Garrett & Mason, against James S. Deas. Judgment for plaintiff, and defendant appeals. Corrected and affirmed.

The verdict of the jury as disclosed by the judgment is as follows:

We, the jury, find for plaintiff for the property sued for, and fix its alternate value as follows: One white cow with red head, $30; one calf, $10; one calf, $7.

The judgment then concludes:

It is therefore ordered and adjudged by the court that plaintiffs have judgment against defendant, and the sureties on his appeal bond, for the property sued for, or its alternate value of $47. Also, that plaintiffs do have and recover from defendant James S. Deas, and his sureties on his appeal bond, E. C. Cammack and F. H. Davis, the property sued for and described in the complaint, for which a writ of restitution will issue, or for its alternate value of $47.

The appeal bond executed to the justice of the peace as the basis for the appeal was conditioned that—

If the above-bound James S. Deas shall prosecute to effect an appeal by him taken this day to the next term of the circuit court of Clarke county, from a judgment rendered against him in favor of said Garrett & Mason by J. C. Jowers, a justice of the peace for said county in the sum of $44 debt and $———, cost, or if he fails in said appeal, shall pay such judgment, both as to debt and cost as may be rendered against him by said circuit court of Clarke county, then in either of said events this obligation to be void; otherwise to remain in full force and effect.

Appellant complains that, under the judgment as written, defendant must either return all the property or none, and, if it is impossible to return one item, he would thus be precluded from returning the other two items, and must pay the full amount of the alternate value assessed. He further insists that the court cannot correct the judgment so as to follow to and conform with the verdict, since it would be rendering a different judgment from that rendered in the trial court.

T. J. Bedsole, of Grove Hill, for appellant.
Q. W. Tucker and F. E. Poole, both of Grove Hill, for appellee.

BROWN, P. J. [1] The verdict of the jury as incorporated in the judgment of the court is in proper form, assessing separately the alternate value of each article of property sued for, and the failure of the judgment to follow the verdict in respect to the ascertainment of the alternate value separately of each of the articles of property is an error which may be corrected from the data afforded by the record, and this will be done. Code 1907, § 2890; Jean v. Sandiford, 39 Ala. 317; Kyle v. Caravello, 103 Ala. 150, 15 South. 527; Reynolds v. Cox, 108 Ala. 276, 19 South. 395.

[2] The appeal bond to the justice court is conditioned substantially in compliance with the statute, and authorizes the rendition of the judgment against the sureties thereon. The judgment will be corrected so as to assess separately the value of each article of property sued for, and recovered by the plaintiff, and as corrected will be affirmed.

Judgment corrected and affirmed.