(95 South. 377)
### COUCH v. BRYAN et ux. (6 Div. 790.)

(Supreme Court of Alabama. Jan. 11, 1923.)

Where a copy of the certificate of appeal, showing that it was issued by the register as required by Supreme Court rule 44 (175 Ala. xxi, 61 South. vii), and containing his certificate that notice of the appeal was served on appellee's solicitors, appears in the record proper, though the original is not attached to the original transcript as directed by such rule, the Supreme Court will presume, in the absence of evidence to the contrary, that the statements therein are correct, and will not dismiss the appeal because no copy of the citation of appeal and its service is in the record and the original certificate is not in the clerk's office as contemplated by rule 30 (Code 1907, p. 1513).

**2. Mortgages ⚖⟿239—Grantees paying mortgage held entitled to take assignment of another mortgage from mortgagee to whom it was executed by grantor to take place of that paid.**

After R. had conveyed land in exchange for house of G., he required the latter to discharge a mortgage discovered to be outstanding against the land in one B., and G. thereupon executed a mortgage to B. for the same amount upon the house received by him in the exchange, and gave it to R. to deliver to B. in satisfaction and release of the other mortgage, which B. refused to accept, but on payment to him by R. of the outstanding mortgage released it and assigned to R. the newly executed mortgage. *Held,* that R. was rightfully entitled to the second mortgage.

Appeal from Circuit Court, Marion County; T. L. Sowell, Judge.

Bill by George A. Bryan and wife against Annie Couch, as administratrix of the estate of R. A. Couch, deceased. Decree for complainants, and defendant appeals. Reversed and remanded.

W. F. Finch, of Jasper, for appellant.

By right of subrogation all the collateral or security made to John Box by G. A. Bryan as security for the debt Bryan owed Box became as a matter of law and right the property of Couch, when he paid the mortgage Bryan owed Box. 16 Ala. App. 602, 80 South. 176; 204 Ala. 224, 85 South. 498; 174

Ala. 446, 56 South. 926, 37 L. R. A. (N. S.) 1203; 120 Ala. 251, 24 South. 512, 74 Am. St. Rep. 31. A witness interested in the result of a civil suit is incompetent to testify as to any statement or transaction with a deceased person. Code 1907, § 4007; 145 Ala. 358, 39 South. 905, 8 Ann. Cas. 146.

E: B. & K. V. Fite, of Hamilton, for appellees.

It is essential to the validity of a deed that it be accepted by the grantee. 18 C. J. 212. The payment of a mortgage debt devests the title passing by the mortgage. Code 1907, § 4899.

MILLER, J. George A. Bryan and wife, appellees here, filed this bill of complaint against Annie Couch as administratrix of the estate of R. A Couch, deceased (defendant) to have declared null and void a mortgage given by them on land for an injunction restraining the defendant from selling it under the power of sale in the mortgage. The defendant, appellant here, filed answer in the nature of a cross-bill, denying the mortgage was void, averred it was unpaid, a valid lien on the land, and represented in fact the purchase money and was a lien therefor, and prayed that the mortgage be foreclosed by the court or a lien for the debt it represented be established and enforced on the land. The complainants deny the averments of the cross-bill. The court by decree granted complainants the relief desired, enjoined defendant from foreclosing the mortgage, and taxed her with the cost. This appeal is prosecuted by defendant from that decree; and it is assigned as error.

[1] This cause was submitted in this court on November 28, 1922, by appellant on brief on the merits. The complainants, appellees, appear specially, by written motion, filed December 7, 1922, with brief attached, requesting this court to dismiss this appeal because rule 30, p. 1513, Code 1907, has not been complied with; that there is no copy of the citation of appeal and its service in the record.

There is no copy of the citation of appeal and its service in the record; and the original is not in the office of the clerk of this court, as is contemplated by this rule (30). However, rule 44 (175 Ala. xxi, 61 South. vii) requires a certificate of appeal to be sent to this court by the register, and directs that it be attached to the original transcript, and the contents of it shall not be duplicated in it. This original certificate of appeal is not attached to the transcript; but a copy of it appears in the record proper, and shows it was issued by the register on June 29, 1922. The register certifies in it, among other things:

"I further certify that notice of said appeal was served on E. B. and K. V. Fite, solicitors for complainants, on the 28th day of June, 1922."

Messrs. E. B. and K. V. Fite are solicitors for complainants in this cause, as shown by the record. There is no evidence offered to contradict or impeach this certificate of appeal issued by the register. The court will presume the foregoing statements in it are correct when there is no evidence to the contrary. Millican v. Livingston, 207 Ala. 689, 93 South. 620; rule 44 (Supreme Court) 175 Ala. xxi, 61 South. vii. The motion to dismiss the appeal is refused.

George A. Bryan, appellee, made an exchange of real estate with R. A. Couch, appellant's intestate. The agreement was consummated on November 2, 1918, by each making a deed conveying the respective pieces of land to the other. George A. Bryan and wife conveyed to R. A. Couch 70 acres of land for the recited consideration in the deed of $600; and R. A. Couch and wife conveyed to George A. Bryan a lot with house thereon for a recited consideration in the deed of $500. The deed of Bryan to Couch, after describing the 70 acres, stated:

"Surface only. Timber required all from eight inches up, get it off by April 1, 1920."

The complainant George A. Bryan contends that the agreement was that his 70 acres as conveyed were valued at $1,250, and the house and lot of R. A. Couch was valued at $500, the difference ($750) was to be paid by Couch crediting him on his store account with $200, and by reserving $550 until a subsisting mortgage given prior to the deed on this 70 acres and 120 other acres by George A. Bryan to one John Box was paid.

The defendant appellant contends that the agreement was that the 70 acres as conveyed were valued at $600, and the house and lot at $500, and the difference between the values, whatever it was, of the 70 acres and the house and lot was to be paid, and was paid, by crediting it on the account due R. A. Couch by George A. Bryan; that he did not know of the existence of the mortgage for $550 on the 70 acres of land to John Box when the trade was made, but heard of it afterwards; and then the attention of George A. Bryan was called to this mortgage to John Box, and on October 7, 1919, Bryan and wife executed a mortgage on the house and lot to John Box to secure the $550, delivered it to R. A. Couch, to be delivered by him to John Box, to satisfy the $550 mortgage on the 70 acres, and the 120 acres. Box refused to accept the mortgage on the house and lot for the $550 debt, and release the other mortgage, but agreed if his $550 mortgage on the 70 acres was paid by Couch he would accept and transfer the $550 mortgage on the house and lot to him; that Couch paid Box the $550 and interest, and Box canceled his mortgage on the 70 acres, accepted and transferred, as agreed, the mortgage on the house and lot to R. A. Couch.

This mortgage on the house and lot is the

one in controversy. The complainants contend it is void; and the defendant contends it is a valid lien on the house and lot, and is her property. R. A. Couch is dead; death closed his mouth, and the court could not hear his testimony; so the testimony of George A. Bryan on the agreement between him and defendant's intestate was excluded by the court under section 4007 of the Code of 1907. The bill of complaint is verified by affidavit of George A. Bryan, and it alleges:

"In such exchange said Couch was to pay a difference of $750, and that $200 of said sum was paid by Couch, but balance of $550 was not to be paid till mortgage to John Box last above mentioned was satisfied. Complainant further alleges that after the lapse of several months they executed the mortgage on the lands which are advertised by defendant to be sold, and same was turned over to R. A. Couch, now deceased, to deliver to said Box, in lieu of first mortgage executed by complainants to said Box, this being done in order to release lands in said first mortgage which complainants exchanged to said Couch from the mortgage to Box, but that said Box refused to relinquish the first mortgage executed by complainants on the said lands exchanged to Couch, and would not accept said mortgage last executed by complainants, conveying the lands advertised to sell, but still held said first mortgage till same was satisfied."

If this is true, that Couch in the trade reserved $550 of the amount due Bryan until the $550 mortgage on the 70 acres of land was paid, then there was no reason, and no necessity for Bryan to deliver to Couch for Box a mortgage on the house and lot to secure the $550 mortgage debt, and thereby cancel the mortgage on the 70 acres. If Couch reserved $550 of the amount due Bryan to pay the Box mortgage, then it was the duty of Couch to pay it, and not the duty of Bryan to give a mortgage on the house and lot for it. The trade, exchange of land, was made by deeds on November 2, 1918. The value of the 70 acres, less timber, was fixed in the deed at $600; the value of the house and lot was fixed in the deed at $500; and the difference was $100. The mortgage on the house and lot to secure the $550 debt to Box was executed by George A. Bryan and wife on October 7, 1919. This was nearly a year after the execution of the deeds.

The undisputed evidence shows that R. A. Couch sold the 70 acres to Westbrooks and Reed for $900, they paid at Couch's direction $550 to John Box, and paid Couch in cash $350, and Couch paid Box $31, interest on the $550 mortgage, and then, or shortly afterwards, the mortgage on the 70 acres was canceled and the mortgage on the house and lot was transferred by Box to R. A. Couch. John Box would not accept the $550 mortgage on the house and lot and release and cancel his mortgage on the 70 acres but agreed, if R. A. Couch would pay the $550 and interest to him, he would cancel the mortgage on the 70 acres and accept and transfer the mortgage on the house and lot to Couch. The evidence is clear and without dispute that the. mortgage on the house and lot was executed by George A. Bryan and wife to John Box, and delivered to Couch, to be delivered to Box to obtain satisfaction of and to stand in lieu of the mortgage on the 70 acres. The bill sworn to by George A. Bryan states:

"They [complainants] executed the mortgage on the said lands (house and lot) which are advertised by defendant to be sold and same was turned over to R. A. Couch, now deceased, to deliver to said Box, in lieu of first mortgage executed by complainants to said Box; this being done in order to release lands in said first mortgage which complainants exchanged to said Couch for the mortgage to Box."

It is clear from the averments and proof that the second mortgage was executed to secure the $550 on the house and lot, and to take the place of and to release the 70 acres from the other mortgage for this debt; to place the debt on the house and lot and take it off of the 70 acres. From these bold facts it is evident that this $550 mortgage debt was not considered when the exchange of land was made; that the $1,250 consideration was not correct, as contended for by complainants; that the consideration was as contended for by defendant, and the difference in value between the 70 acres and the house and lot was credited on Bryan's account with Couch. The great weight of the evidence sustains and supports the contention of the defendant as to the agreement between her intestate and George A. Bryan.

[2] When R. A. Couch paid the amount of the mortgage debt, $550 principal and $31 interest, of George A. Bryan on the 70 acres to John Box, then under his agreement with Box he became in equity and good conscience entitled to the mortgage executed by George A. Bryan and wife on the house and lot to John Box, to take the place of that mortgage. It was right and proper for John Box to accept and transfer that mortgage, and the debt it secured on the house and lot to R. A. Couch, which he did. This was the intent of Bryan in making it to take the place of the other mortgage. This mortgage is a subsisting, valid lien on the house and lot described in it for the debt it secures, and it is property of the defendant appellant under the evidence in this cause. The defendant's intestate was forced to pay this mortgage debt on the 70 acres of land belonging to him to protect his land from the mortgage, and is entitled, under his agreement with Box, to be secured for it by this other mortgage intended by George A. Bryan to take its place. Dothan Gro. Co. v. Dowling, 204 Ala. 224, 85 South. 498; Bell v. Bell, 174 Ala. 446, 56 South. 926, 37 L. R. A. (N. S.) 1203.

The evidence does not sustain the averments of the bill of complaint; relief thereunder should have been denied. Under the

evidence the defendant in her cross-bill is entitled to the relief she seeks. The injunction should have been dissolved; the mortgage of George A. Bryan and wife to John Box should have been foreclosed by decree of the court, and the property in it sold to pay the debt it secures and the cost of the court.

The decree will be reversed, and the cause remanded for the court below to enter a decree in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.