147 So. 168

### AMERICAN STANDARD LIFE INS. CO. v. STATE.

#### 6 Div. 307.

Supreme Court of Alabama.

March 23, 1933.

Locke & Creel and Frederick V. Wells, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for the State.

384

FOSTER, Justice.

There is only one question in this case, and that is whether certain features of the general Revenue Act of 1927, section 3, pp. 149, 150, relating to a privilege tax on domestic insurance companies, have the effect of repealing that portion of the insurance law contained in section 8362, Code, which deals with the same subject, and to the extent that it is provided that, from the amount of such tax, there may be deducted the amount of property taxes paid by the company to the state. The privilege of such deduction is not included in the act of 1927, which does not refer to the Code section on the same subject. The inquiry specifically, therefore, is whether such omission from the act of 1927 was intended by the Legislature to be a repeal of it.

The following rule in respect to the interpretation of statutes relating to the same subject seems to us to be well expressed: "In the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times and contain no reference to one another. The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject matter has been changed or modified from time to time." 59 Corpus Juris, 1043; 25 R. C. L. 1063, § 287; Birmingham v. So. Express Co., 164 Ala. 529, 51 So. 159; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A. L. R. 712.

Though "an act seeking to deal fully and completely with the entire subject of a former statute takes the place of and repeals the provisions of the former." Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733, 736, and cases there cited; 39 Corpus Juris, 919.

"The repeal and simultaneous re-enactment of substantially the same statutory provisions is to be construed not as an implied repeal of the original statute, but as [an affirmance and] a continuation thereof." Tucker v. McLendon, 210 Ala. 562, 98 So. 797, 799; Allgood v. S.-S. S. & I. Co., 196 Ala. 500, 71 So. 724; 59 Corpus Juris, 927.

But, if parts of the original act are omitted from that which is a complete revision of the law on the subject, such omitted parts are annulled and repealed. Allgood v. S.-S. S. & I. Co., supra; 59 Corpus Juris, 922, § 522.

In our examination into the history of this legislation, we need not look beyond the Code of 1896, which in section 2594 codified an Act of February 18, 1897, pages 1377, 1388, § 19, regulating insurance companies. The same provisions were carried into the Code of 1907, section 4570, and of 1923, section 8362, in the chapter on Insurance. After the adoption of the Code of 1907, and before that of 1923, the general Revenue Act of 1911, pages 163, 164, contained the same provisions including the deduction of the amount of the property tax. The Revenue Act of 1915, page 506, and of 1919, page 414, provided for the same tax, but did not contain the deduction for the amount of the property tax. We find no reference to this tax in the acts of 1923.

Both the acts of 1915 and 1919 were substantially the same, and were enacted without reference to the similar provisions of the insurance law, but contained the same amount of the tax on the gross premiums, but, different from the insurance law, allowed a deduction from such gross premiums of certain return premiums, and provided, different from the insurance law, that no deduction shall be allowed on account of the cost of certain reinsurance, but did not provide a deduction, as did the insurance law, of the amount of the property tax. The revenue law provided for certain details in respect to the books of account and their inspection, different from the insurance law, and also for certain criminal features not in the other; whereas the insurance law provided for the penalties applicable to foreign corporations.

It is not now a question of how the acts of 1915 and of 1919, as so constituted, affected the related provisions of the insurance law in the Code of 1907, then in effect. But, with the revenue law in the status we have described, as enacted in 1919, came the Code of 1923, which contained the same insurance statute we have described, taken from the Code of 1907, just as it there appeared, and as enacted in 1897. The act providing for the Code of 1923 (Gen. Acts 1919, pp. 1066, 1069, § 14) directed the commissioner to omit the various revenue laws. He therefore did not include the provisions of the Revenue Act of 1919 in this respect. So that, after the adoption of the Code of 1923, the insurance statute either superseded the revenue provisions, or else they both remained, and stood in pari materia.

Since the revenue laws were not to be included in the Code, their omission is not an implied repeal. We think that a proper interpretation of their status would give effect to this feature of the revenue law as well as the Code provision, though enacted later, and read them together as constituting the law on the subject at that time, as being the legislative intent rather than that the adoption of the Code of 1923 superseded all the special features of the Revenue Act of 1919 on the same subject. That is, that they stood in pari materia. With that status exist-

ing, the provisions of the Revenue Act of 1919 were re-enacted in 1927, in the same language, with no reference to section 8362. The status thereby created was not different from what it was before the act of 1927, under the influence of the rule we have stated, that the re-enactment of substantially the same provisions of law is but a continuation of the same legislative status as before. So we think that it and the Code section continue to exist and stand in pari materia. The special provisions of each are consistent with those of the other, and all are read as one.

Under such construction of the law, appellant is entitled to the deduction claimed.

By the agreement of counsel, the result of this holding is that the state is not due to recover anything in this cause.

The judgment of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, and KNIGHT, JJ., concur.