163 So. 321

**SOUTHERN LIFE & HEALTH INS. CO.**
**v. WILLIAMS.**

**4 Div. 825.**

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

682

Clayton, Clayton & Clayton, of Clayton, for appellant.

Guy W. Winn, of Clayton, for appellee.

BROWN, Justice.

Motion is made by the appellee to dismiss the appeal and strike the case from the docket, and assigns two grounds: (1) That the clerk has not certified that an appeal was taken, and (2) that the record does not contain a citation of appeal showing service on the appellee or her attorney of record.

We find in the record a certificate of appeal made by the clerk on January 5, 1935, in due form, and that "notice of the said appeal was on the 7th day of November, 1934, served on G. W. Winn as attorney of record for said appellee." This certificate was filed with the clerk of the Court of Appeals on January 7, 1935.

There is also a certificate of the clerk of the circuit court, under his official seal, that the transcript, filed in the office of the clerk of the Court of Appeals January 30, 1935, is a true and correct transcript of the proceedings of said circuit court, and that "the defendant gave notice of an appeal to the Court of Appeals of Alabama from the judgment rendered against it in the Circuit Court of Barbour County, and has filed with me a bond as security for the cost of said appeal, with Southern Life & Health Insurance Company as principal on said bond, and the Indemnity Insurance Company of North America as surety."

There is also in the record an original citation of appeal issued by the clerk on April 1, 1935, and served on the attorney for appellee by the sheriff of said county on April 1, 1935. The case was submitted in the Court of Appeals "on briefs on motion and on merits," May 7, 1935.

The motion to dismiss the appeal is not well taken, and is overruled. Code 1923, § 6101; Supreme Court Rules of Practice 30 and 43, Code 1923, vol. 4, pp. 889, 893; Couch v. Bryan et ux., 209 Ala. 13, 95 So. 377.

The case was tried on the second count of the complaint as amended, declaring on a judgment rendered by J. B. Dykes, as justice of the peace of Beat 7, Barbour county, on the 9th day of January, 1933, in favor of the plaintiff for the sum of $53.65, against the Life Insurance Company of Alabama. Said count, after stating the above facts, avers that "said judgment was rendered in a suit based upon an insurance policy issued on to-wit, May 12, 1930, upon the life of Howard Williams by the Life Insurance Company of Alabama, and which said judgment is unpaid, and the defendant in this suit, Southern Life & Health Insurance Company, a Corporation, reinsured all the policy-holders of the Life Insurance Company of Alabama, on and after midnight of Sunday, November 15th, 1931." (Italics supplied.)

The demurrer filed by the defendant takes the point that the count does not show that said Howard Williams was such policyholder at the time the defendant "reinsured all the policyholders of the Life Insurance Company of Alabama." To be more specific, that "for aught that appears in the complaint, the policy under which and by which the life of Howard Williams was insured by the Life Insurance Company of Alabama was not in effect at the time of the alleged reinsurance by the Southern Life & Health Insurance Company."

Construing the averments of the complaint most strongly against the pleader, the demurrer on this ground was well

taken, and the court erred in overruling the same.

■ There is nothing in the evidence, except the ex parte statements in the letter written by a law firm in Montgomery to the defendant, showing the nature of the suit in the justice court, or the basis thereof. The letter on its face shows that said firm of lawyers did not at that time represent either the Insurance Company of Alabama or the defendant, and the statements therein were res inter alios acta, mere hearsay, and therefore incompetent evidence against the defendant.

The error, therefore, in overruling the demurrer cannot be said to be without injury.

For the error noted, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.