51 So.2d 263

**STATE v. BEAR BROS., Inc. et al.**

**3 Div. 589.**

Supreme Court of Alabama.

March 15, 1951.

292

Files Crenshaw and Jack Crenshaw, of Montgomery, for appellees.

LIVINGSTON, Chief Justice.

The State of Alabama, acting under and by virtue of the provisions of Title 19, § 1 et seq. Code 1940, filed its application in the Probate Court of Montgomery County, Alabama, for and on behalf of Alabama State College for Negroes, to condemn for school purposes, certain described lands located in the City of Montgomery, Montgomery County, Alabama.

On March 21, 1950, the Judge of Probate of Montgomery County granted the application to condemn and appointed commissioners for the purpose of assessing the damages and compensation to which the owners of the property were entitled.

On March 27, 1950, the Commissioners reported that upon a full, fair and impartial consideration of all of the evidence submitted, they had assessed the damages and compensation to the owners of the property at the sum of $74,893.99. On the same day the Judge of Probate entered a decree, in effect, confirming the report of the Commissioners and condemning the lands described in the application of the state, upon the payment by the state to the owners of said lands the amount assessed by the commissioners. From this order the

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, and Robert Straub, Asst. Attys. Gen., for the State.

state appealed to the Circuit Court of Montgomery County on March 31, 1950.

After a hearing in the circuit court of Montgomery County, that court, on June 19, 1950, entered a judgment assessing the damages and compensation due defendants at the sum of $75,000.00, and condemning the lands described in the application to condemn to the State of Alabama upon the payment of said sum of $75,000.00. Motion to set aside this judgment was denied on July 18, 1950. The state filed its notice of appeal on August 3, 1950.

On September 26, 1950, the state filed motions in both the circuit court of Montgomery County and this court, or with a justice of this court, requesting that the time for filing the transcript of the evidence in the cause be extended for a period of thirty days from that date. These motions were granted by the presiding judge of the Circuit Court and the writer of this opinion.

On November 24, 1950, the circuit court vacated its order of September 26, 1950, extending the time for filing the transcript of the evidence, and on the same day this court denied the state's motion for a further extension of time for filing the transcript of the evidence. The official court reporter finally completed and filed the transcript of evidence with the clerk of the circuit court of Montgomery County, on the 11th day of December, 1950.

This appeal is submitted on the merits and motion by appellees to strike the transcript of the evidence, and to dismiss the appeal.

Clear enough the transcript of the evidence was not filed in the circuit court within the time provided by § 827(1) et seq., Title 7, Code 1940, as supplemented by Supreme Court Rule 48, Appendix Title 7, Code 1940. (Cum. Pocket Part).

In part Rule 48, supra, provides as follows: "The certified transcript, though filed after the ninety-day period herein referred to but within the time for taking an appeal, will nevertheless be considered by the court if no objection thereto is presented upon the submission of the cause;

and it may be so considered in the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should and would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered."

Section 23, Title 19, Code 1940, provides for an appeal in condemnation proceedings to this court from a judgment of the circuit court or court of like jurisdiction within thirty days.

The transcript of the evidence appearing in the record has not been approved by the trial judge, see section 827(4), Title 7, Code 1940. On submission here counsel for appellees objected to the transcript of the evidence, pointing out material omissions or defects therein, with supporting affidavits.

■ The transcript of the evidence was not filed until after the expiration of more than ninety days from the ruling on the motion for a new trial, was not approved by the trial judge, objections to it, supported by affidavits, were made here on submission, and as a consequence the motion to strike must be sustained. Callahan v. Thomas et al., 252 Ala. 617, 42 So.2d 534; Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812; Gen.Acts 1943, p. 423; Supreme Court Rule 48, Code 1940, Title 7 Appendix.

As stated, the cause was submitted here on motion of appellees to dismiss the appeal.

■ Strictly speaking, a motion to dismiss, in effect, requests the appellate court to refuse to examine the merits of the cause—that is, to dismiss it on some technical ground. It is stated in 3 Am. Jur., p. 305, § 726, that generally, "The grounds for dismissal consist of facts which go to show that for some reason the merits of the appeal should not be heard. These grounds fall into four broad general classes: (1) Want of jurisdiction on the part of the court—using that term in the sense of a lack of power either inherent in the court or conferred upon it

294

by Constitution or statute, as distinguished from any limitation arising out of the nature of the action or proceeding, or of the judgment or order, or out of any errors, omissions, or defects in the procedure; (2) the nonappealable character of the judgment or order; (3) the ineffectiveness of any judgment that might be rendered by the appellate court; and (4) defects in procedure. An appeal or error proceeding may also be dismissed for failure to prosecute diligently."

Our cases clearly indicate that upon the granting of a motion to strike the transcript of the evidence, the proper order is one of affirmance rather than one of dismissal. W. P. Brown & Sons Lumber Co. v. Snead, 31 Ala.App. 552, 20 So.2d 118; certiorari denied 246 Ala. 241, 20 So. 2d 119; Williams v. Goodyear Tire & Rubber Co., 207 Ala. 335, 92 So. 471; Callahan v. Thomas, supra.

Motion to strike granted and judgment affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.