106 So.2d 171

**Irene PRYOR**

**v.**

**Maggie HEARD.**

**2 Div. 393.**

Supreme Court of Alabama.

Oct. 30, 1958.

Parsons, Wheeler & Rose, Malcolm L. Wheeler, Birmingham, for appellant.

J. C. Locke, Sr., Marion, for appellee.

STAKELY, Justice.

This proceeding was instituted by the petition of Maggie Heard, widow of Arey Heard, deceased, to set aside to her certain real estate described in the petition and located in Perry County, Alabama, as her homestead, pursuant to the exemption laws of the State. Code of 1940, Title 7, § 694.

The allegations of the petition show that Arey Heard died intestate on or about the 19th day of November, 1953; that more than sixty days has elapsed since the death of decedent and there has been no administration on his estate and no administration is now pending; that Arey Heard left surviving him at the time of his death his widow, Maggie Heard, the petitioner, no minor children and one daughter, Irene H. Pryor, who is over the age of 21 years and lives in Birmingham, Alabama; that Arey Heard at the time of his death was the owner of land in Perry County, Alabama, described in the petition, which land was occupied by him as his homestead at the time of his death and that petitioner was living with the decedent at said home at said time; that the property, real and personal, owned by the decedent at the time of his death does not exceed in value the amount of the exemption allowed his widow; that the real estate described in the petition does not exceed in area 160 acres and in value $6,000 and that the aforesaid land was all the land owned by the decedent at the time of his death.

The court appointed commissioners to set aside the homestead as provided in § 694, Title 7, Code of 1940, and the commissioners brought back their report, appraising the real estate, aggregating 80 acres, as being $2,000 in value and being all the real estate owned by the deceased at the time of his death and there being no minor children, set apart and allotted the real estate to Maggie Heard as her homestead.

The court thereafter set a day for the hearing of the report of the commissioners and gave notice thereof to Irene Pryor. Upon the hearing the court entered a decree confirming the report of the commissioners, set aside the real estate to Maggie Heard as exempt to her and vested the title absolutely in Maggie Heard. From this decree Irene Pryor brings this appeal.

The case is submitted here on a motion to dismiss the appeal and also on the merits.

■ I(a). It is insisted in support of the motion that the transcript fails to show legal service of citation of appeal in proper form or that due notice thereof was given to the appellee or her attorney of record in compliance with § 801, Title 7, Code of 1940, and the rules of this court. Supreme Court Rule 28, Code of 1940, Title 7, Appendix, 1955 Cumulative Pocket Part. There is no merit in this position. The transcript under the heading "Certificate of Appeal," contains the following: "I further certify that notice of said appeal was on the 11th day of April, 1958, served on J. C. Locke, Sr., as attorney of record for said appellee." There is no evidence offered to contradict or impeach this certificate of appeal. Accordingly, this court will presume the foregoing statements in it are correct when there is no evidence to the contrary. Couch v. Bryan, 209 Ala. 13, 95 So. 377; Millican v. Livingston, 207 Ala. 689, 93 So. 620.

■ (b) In support of the motion it is further insisted that no exceptions were filed to the report of the commissioners. We shall discuss this point in our consideration of the appeal on the merits, but this

is no ground for dismissal of the appeal. State v. Bear Bros., Inc., 255 Ala. 291, 51 So.2d 263.

The motion to dismiss the appeal is overruled.

■■ II. It will be observed that the decree of the lower court vested title absolutely in the widow. This is not correct. The petition on its face shows that there was an adult daughter of the deceased living at the time of his death. Arey Heard died in 1953 and this case is covered by the law in force at that time. Craig v. Root, 247 Ala. 479, 25 So.2d 147; Davis v. Reid, 264 Ala. 560, 88 So.2d 857.

Section 663, Title 7, Code of 1940 and also § 697, Title 7, Code of 1940, were both amended and reenacted by an act approved September 19, 1953, appearing in Acts of 1953, p. 1128. These statutes constitute the law in force and effect at the time of the death of Arey Heard. Under these statutes title to the homestead vests absolutely in the widow and children (minors and adults), subject to the exclusive possession of the widow, if there are no minor children. The court in its order, therefore, should have vested title absolutely in the widow, Maggie Heard, and the adult child, Irene Pryor, subject to the exclusive possession of the widow for her life.

■ But it is insisted by the appellant that no exceptions to the report of the commissioners were filed by Irene Pryor and that, therefore, she is now precluded from claiming an interest in the real estate. This is not correct. The jurisdiction of the probate court in the matter now before us is statutory and limited and the court cannot act beyond its jurisdiction. It must appear from the face of the proceedings that the court acted within the scope of that jurisdiction and nothing is presumed. Walton v. Walton, 256 Ala. 236, 54 So.2d 498.

■ It is further argued that because the 1953 amending act, cited above, does not contain a repealing clause that "where said act conflicts with said section 663, said sec-tion 663 remains in force." However, the amending act begins by stating, "Section 663 of Title 7 of the Code of Alabama (1940) is hereby amended and reenacted, and shall read as follows: * * *." It is clear that this introductory statement does away with and repeals the previous section 663. Hence it was unnecessary for the 1953 act to contain a clause repealing section 663. Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733; American Standard Life Ins. Co. v. State, 226 Ala. 383, 147 So. 168.

Since the action of the court ignoring the rights of Irene Pryor and vesting title exclusively in the widow is beyond the power of the court, its decree to this extent is invalid and of no force and effect.

For the error shown the decree of the lower court is reversed and the cause is remanded with directions to the court to enter a decree vesting the title absolutely in the widow, Maggie Heard, and the adult child, Irene Pryor, the widow to have exclusive possession of the property during her lifetime.

Reversed, rendered and remanded.

All the Justices concur.