136 So.2d 912

**Harry HADEN, Commissioner of Revenue,**

v.

**LEE'S MOBILE HOMES, INC.**

3 Div. 68.

Court of Appeals of Alabama.
June 27, 1961.

Rehearing Granted Aug. 15, 1961.

Further Rehearing Denied Sept. 12, 1961.

Peyton D. Bibb, Graham, Bibb, Wingo & Foster, Birmingham, for appellee.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

HARWOOD, Presiding Judge.

Upon reconsideration of this cause on application for rehearing, we have concluded that the original opinion and judgment should be withdrawn and the following substituted in its stead.

As stated in appellee's brief, "This is a suit appropriately filed under the provisions of Section 890, Title 51 of the Code * *" and concerns the question of whether "house trailers" are subject to a sales tax at rate of 3%, the rate of tax provided for the sale of personal property, or whether such sales should be taxed at a rate of 1½%, which is the rate fixed in the Sales Tax Act of 1959 (Act No. 100, Special Session 1959, Acts of Alabama 1959, Vol. 1, pages 298 and 303).

The Sales Tax Act of 1959, supra, re-enacted section by section, the substance of the then existing sales tax provisions of earlier Acts as embodied in Sec. 752 et seq., Tit. 51 of Alabama Code of 1940, and in virtually identical language.

The section of the Sales Tax Act of 1959 with which we are now concerned is Section 2(d) of Act 100, being as follows:

"Upon every person, firm or corporation engaged or continuing within this state in the business of selling at retail any automotive vehicle or truck trailer and semi-trailer, an amount equal to one and one-half percent of the gross proceeds of the sale of said automotive vehicle or truck trailer and semi-trailer."

In the proceedings below a stipulation of facts was entered into between the respective parties. This stipulation shows that Harry Haden, purporting to act under the color of his office as Commissioner of Revenue of the State of Alabama, and by virtue of the statutes and Acts of Alabama imposing a sales tax upon the sales of tangible personal property, levied a tax upon the appellee which he described as additional sales taxes, which he asserted to be due and payable at the rate of 3% upon the sales of house trailers sold by the plaintiff during the period of October 1, 1959 to and including March 31, 1960, which additional sales tax was in the amount of $618.35.

It was further stipulated that said amount of additional tax was paid by the plaintiff below under protest, and that the defendant below, acting in his official capacity, received the additional tax paid under protest.

After a hearing below the court entered a "Findings and Judgment." In his findings the court below found that:

"* * * House trailers of the type and kind sold by plaintiff, and by dealers in Alabama generally, are designed and constructed with electric power and water connections, wiring and piping. While they are widely sold equipped as living quarters, the same house trailers are used for a multiplicity of other purposes such as sales offices, contractor's field offices, mobile sales rooms for display and sale of appliances and merchandise, separately or in combination with living quarters, and as mobile tool houses, kitchens and living quarters for railroad maintenance crews. The same body or shell may be readily converted from one use to another by changing the movable equipment within it. When these vehicles are moved upon the highways tangible personal property or merchandise of one kind or another is carried in them. They may also remain in stationary use for many months at a time."

Under "Conclusions of Law" the court found as follows:

"1. The provisions of Act No. 100, Second Special Session, 1959, Acts 1959 page 298, which, as here material, re-enacted the Sales Tax statutes as theretofore existing and as embodied in Sections 752 et seq., Article 10 of Title 51, Alabama Code of 1940, as amended, did not have the effect of changing either the classification or definition of house trailers for the purpose of the tax upon the sales of tangible personal property therein levied. Such Act No. 100 contains no definition of the term 'truck trailer and semi-trailer' as therein used. It uses the

same language theretofore employed in the sales tax statutes dealing with that category and classification of property. Vehicles of the type here involved, as shown by the evidence, are clearly within the category of property described as 'truck trailer or semi-trailer' by Section 2(d) of such Act No. 100 and are subject to the rate of tax and method of calculation as therein provided. State v. Maddox Tractor and Equipment Co., 260 Ala. 136, 69 So.2d 426); Act No. 744, General Acts of Alabama, 1953, p. 1007.

· "2. At and prior to the time of enactment of such Act No. 100 the general system and policy of the sales tax law regarding the tax classification and status of house trailers was as indicated in Act No. 744, General Acts 1953 p. 1007, which expressly declared that the words, term and phrase 'truck trailer and semi-trailer' when used in the sales tax statutes 'shall include house trailers' and that house trailers should be subject in every respect to the same tax, etc., as truck trailers and semi-trailers. Act No. 100 did not either expressly or by necessary implication work any change in this status of affairs. Daniel Construction Company v. Pierce, [270] Ala. [522], 120 So.2d 381; Opinion of the Justices, 253 Ala. 111, 43 So.2d 3; American [Standard] Life Insurance Co. v. State, 147 So. 168, 226 Ala. 383; City of Birmingham v. Southern Express Company, 164 Ala. 529, 51 So. 159. . .

"3. The plaintiff's sales of house trailers here involved were properly subject to the sales tax at the rate of one and one-half per cent (1½%) and to be calculated in the manner provided by Sec. 2(d) of such Act No. 100. The additional sum of $629.31 demanded and collected from plaintiff was in excess of the amount of sales taxes lawfully due to be paid by it and plaintiff is entitled to a judgment for the recovery of such sum."

After these findings, and under a, separate paragraph headed "Judgment" the court then entered the following judgment:

"Wherefore, It Is Considered, Ordered And Adjudged by the Court that the Plaintiff, Lee's Mobile Homes, Inc., have and recover of the defendant, Harry Haden, individually and in his official capacity as Commissioner of Revenue of the State of Alabama, the sum of Six Hundred Twenty-nine and ³¹⁄₁₀₀ Dollars (629.31), together with costs of court herein incurred and for all of which execution may issue.

"Done And Ordered, this the 19 day of October, 1960."

■ Sections 890 and 891, Tit. 51, Code of Alabama 1940, as amended, provides for the payment of taxes paid under protest and the filing of a suit to recover the taxes so paid, and the disposition and handling of monies realized from taxes paid under protest, and for the return of such monies to the taxpayer if it be judicially determined that such taxes were wrongfully collected.

The remedy contemplated by Sections 890 and 891, supra, is in the nature of a declaratory judgment. Glass v. Prudential Ins. Co., 246 Ala. 579, 22 So.2d 13, 18. Moreover, Sections 890 and 891, supra, authorizing a suit against a taxing official indicates that a declaration of rights rather than a money judgment against a taxing official is the remedy contemplated by these sections.

■ Therefore, the power of the court to determine the right of a taxpayer to refund of taxes paid under protest, is governed by Sections 890 and 891, supra. We do not think that under this statutory authority the court below could properly render a personal judgment against the Commissioner of Revenue, either in his official capacity or against him personally, for the recovery of the taxes paid under protest. In fact, in the Glass case, supra, the court stated:

"If the tax is determined to be invalid, complainant would have been entitled to his refund. There is no judgment rendered against the State or against the officer collecting the money. It is in substance and effect a declaratory judgment, which was declared available to the taxpayer in the Curry case."

■ It is to be noted that in Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So. 2d 479, 481, the court observed that the effect of Section 14, Constitution of Alabama 1901, "prohibits a personal action against the State Tax Commission to recover money paid as a license tax under protest. Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560."

■ It is apparent therefore that the "Judgment" entered at the conclusion of the court's findings was erroneous. While at first we thought that the judgment was void, we have now concluded that such judgment is only invalid and erroneous, in light of Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46, and therefore will support an appeal.

■ In view of the fact that the proceedings below were before the court without a jury, and insofar as the provisions of the 1959 Sales Tax Act levying a sales tax of one and one-half percent upon the sales of automotive vehicles or truck trailer or semitrailer is concerned, was submitted upon stipulated facts which are entirely sufficient to have supported a proper judgment, we feel that the matter now before us is well within the influence of Section 810, Tit. 7, Code of Alabama 1940, to the effect that this court may, "Render such judgment or decree as the court below should have rendered, when the record enables it to do so."

In Deas v. Garrett & Mason, 16 Ala. App. 572, 80 So. 146, it was held that the failure of the judgment to follow the verdict in respect to ascertainment of the alternate value separately, of each article of property embraced therein, is an error which may be corrected from the data afforded by the record. It is clear from the record now before us under the pleadings and stipulated facts and the finding of the court that it was the intention of the court to adjudge that the additional sales taxes paid by the appellant under protest were erroneously collected.

We pretermit consideration of the findings of fact by the court below that house trailers should be considered as trailers or semitrailers because when these vehicles are moved upon the highways, tangible personal property or merchandise of one kind or another is carried in them.

We will base our review upon the question of whether or not house trailers are to be considered within the levying clause of the Sales Tax Act of 1959, providing for a sales tax upon automotive vehicles, truck trailers and semitrailers at the rate of one and one-half percent, rather than at the rate of three percent, if house trailers be considered as tangible personal property, as contended by the appellant.

In State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426, 428, Stakely, J., writing for our Supreme Court made the following observations:

" * * * We note the definition of 'trailer and semi-trailer' as set forth in 60 C.J.S. Motor Vehicles, § 8, at page 118, as follows:

" 'Trailer; semitrailer. *A trailer is a separate vehicle, which is not driven or propelled by its own power, but which is drawn by some independent power;* a vehicle without motive power, designed to carry property or passengers wholly on its own structure, and to be drawn by a motor vehicle. A trailer may be attached to a truck by means of a coupling arm, and a load may be carried in the trailer that is not related to the load carried in the truck, and the truck may be disconnected from the trailer and pro-

ceed with its load without disturbing the load on the trailer.

" 'A "semitrailer," in motor vehicle law, has been defined as a vehicle of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its load rest upon, or is carried by, the motor vehicle. It is a separate vehicle which is not driven·or propelled by its own power, but which, in order to be useful, must be attached to, and become a part of, another vehicle. It has been described as a vehicle with a box thereon to contain the load or things carried, and having two wheels at the rear, the front, when in use, resting upon the tractor truck, which thus carries part of the weight of the semitrailer. A semitrailer, of the two-wheel type, may be attached to the body of the truck, and both the truck and the semitrailer participate in carrying the same load.' " (Italics ours.)

It would appear under the alternative definitions of trailer and a semitrailer above, that house trailers are included therein. The very name "house trailer" characterizes the vehicle as a trailer, and we believe that in the generally accepted and popular everyday usage, a house trailer is regarded as a trailer.

We advert now to the prior statutes and amendatory acts in order to seek what light such legislative history may throw upon the question we are now considering.

Section 753(c), Art. 10, Tit. 51, Code of Alabama 1940, levied a tax of one-half of one percent of the gross proceeds upon every person, firm, or corporation engaged in the business of selling any automotive vehicle.

In 1949, by Act No. 212, Acts of Alabama 1949, Regular Session, page 305, it was provided as follows:

"Section 1. Section 753 of·Title 51 of the Code of Alabama (1940) is amended to read: ' * * * (c). Up-

on every person, firm or corporation engaged or continuing within this state in the business of selling any automotive vehicle or truck trailer and semitrailer, an amount equal to one-half of one percent of the gross proceeds of the sale of said automotive vehicle or truck trailer and semi-trailer.' "

The 1949 Act did not define truck trailers and semitrailers.

By Act No. 677, Acts of Alabama, Regular Session, 1951, which Act was approved September 4, 1951, the Legislature provided:

"The words, term and phrase 'truck trailer and semi-trailer' when used in Article 10 of Title 51 of the Code of Alabama of 1940, as last amended, relating to the sales tax shall include house trailers; and house trailers shall be subject, in every respect, to the tax and the exemptions prescribed for truck trailers and semi-trailers under the provisions of said Article 10."

In brief counsel for the Revenue Department point out that this amendment was enacted because the State Department of Revenue as a matter of administrative interpretation and enforcement of the prior sales act had placed house trailers in a different category from truck trailers and semitrailers, and collected a sales tax upon house trailers, as though house trailers were the same as other tangible personal property.

In the present Act No. 100, supra, now under consideration, in which the Legislature rewrote the sales tax, the levying provision (sub-section d) merely provides:

"(d) Upon every person, firm or corporation engaged or continuing within this state in the business of selling at retail any automotive vehicle or truck trailer and semi-trailer, an amount equal to one and one-half percent of the gross proceeds of the sale of said automotive vehicle or truck trailer and semi-trailer."

It is to be noted that the definitions contained in the amendatory Acts of 1951 and 1952 are omitted in this last provision.

The appellant Revenue Department argues that this evinces a clear intent on the part of the Legislature to place house trailers in a different category from truck trailers and semitrailers for taxing purposes. We do not agree with this argument.

Act No. 100, Acts of Alabama 1959, Section 35, page 318, while providing that Article 10 of Chapter 20, Title 51, Code of Alabama 1940, and all amendatory acts thereof or supplemental thereto and such statutes are repealed, and that Act No. 100 supersedes such Article 10, also specifically provides:

> "* * * and any provisions of said Article 10 of Chapter 20, Title 51, providing for the collection and enforcement of any tax, liability, penalty or forfeiture thereunder shall as to such tax, liability, penalty, or forfeiture remain in full force and effect."

Thus, in this repealing clause, the tax liability of Article 10 of Chapter 20, Title 51, is specifically continued in force. The liability of the appellee under said Article 10, of Chapter 20, for the amount of sales tax due from the sale of house trailers was to be determined by the sales tax to be paid upon the sales of truck trailers and semitrailers by virtue of the provisions in the prior Acts that the term "truck trailer" and "semitrailer" shall include house trailers.

■ Act 100, as before stated, is but a re-enactment of the pre-existing sales tax statutes with the amendments thereto. As stated in 82 C.J.S. Statutes § 370:

> "A reënactment of the same or substantially the same language as the original statute is considered as a continuation of the language so repeated, and not as a new enactment, and, in determining its meaning, it must be

determined by what was intended by the prior act. A reënacting statute must be construed in harmony with intermediate amendments of the original statute."

In American Standard Life Ins. Co. v. State, 226 Ala. 383, 147 So. 168, it is stated:

> "The repeal and simultaneous re-enactment of substantially the same statutory provisions is to be construed not as an implied repeal of the original statute, but as [an affirmance and] a continuation thereof."

This principle would lead to the conclusion of a correctness of the lower court in determining that house trailers should be taxed at the same rate as truck trailers and semitrailers.

By the amendments of 1951, the legislative intent that house trailers were to be considered for taxing purposes under the Act as truck trailers and semitrailers was made crystal clear. Act 100, in Section 35, supra, keeps in effect the tax liability incurred under the Sales Tax Acts, except for the rate of tax levied upon truck trailers and semitrailers, that is, the rate is increased to one and one-half percent. At most, it might be said that the language of Act 100 levying the sales tax on truck trailers and semitrailers is ambiguous and of doubtful effect insofar as including house trailers within the category of truck trailers and semitrailers.

■ It is, however, elemental that in construing taxing statutes which are of doubtful effect, the taxpayer must be given the benefit of the doubt, and such statutes must be construed in favor of the taxpayer and against the State. State v. Coastal Petroleum Corporation, 240 Ala. 254, 198 So. 610.

■ The Attorney General argues that a house trailer should be considered as a truck trailer or a trailer because under the statute commonly known as "Rules of the

Road," Section 1(40) and (47), Title 36, Code of Alabama 1940, as amended, a "semi-trailer" is defined as a vehicle "with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle."

And a "trailer," is defined as being a vehicle "with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle."

The fallacy of this argument is that the "Rules of the Road" were enacted for the purpose of regulating traffic upon the highways of Alabama, and not for taxing purposes; they pertain to highway users, and not to taxpayers.

The purposes sought to be accomplished by the two respective Acts, their subject matters, and classes of people affected, are so unrelated that the definition of the "semitrailer" and a "trailer," found in the "Rules of the Road" statutes, cannot be considered useful in determining the legislative intent in case of the Sales Tax Act levying a tax upon truck trailers and semitrailers.

The Attorney General further argues that a house trailer should be considered and taxed as tangible personal property under the doctrine of Lower Merion Tp. v. Gallup, 158 Pa.Super. 572, 46 A.2d 35, 36, wherein the Superior Court of Pennsylvania stated that:

"A house trailer is simply a mobile house. It is as much a dwelling as any house which is built on a foundation and therefore not mobile."

However, the Pennsylvania court was considering the validity of a building code ordinance as it applied to house trailers, the town of Lower Merion having enacted a building code fixing certain minimum re-quirements relating to light, air, sanitation, and safety of buildings to be erected after the enactment of the building code.

Subsequent to the building code, the defendant permitted house trailers to be placed upon his ground and used as dwellings, and had been so used and placed for several years without interruption. These house trailers were not resting on wheels but on permanent supports, and sidewalks leading to each had been constructed, and each was connected with water and electric lines. It was under these facts, and the ordinance then being considered, that the Pennsylvania court made the statement relied upon by the Attorney General, with the further observation that:

"To say that these were not dwelling houses is an attempt to fictionalize a reality."

The ordinance here considered by the Pennsylvania court and its purposes sought to be accomplished and the facts upon which the opinion was based, are so radically different from the statute and facts now being considered by us as to render the doctrine of the Pennsylvania case completely inapplicable.

█ It is our conclusion that the additional sales tax collected under protest from the appellee was an excessive collection under the provisions of Act 100, supra, and is due to be refunded by the appellant, the officer receiving and collecting the same, as contemplated by Sections 890, 891, supra. As modified to this extent, the judgment below is affirmed.

Modified and affirmed.

### On Rehearing

In its brief in support of its application for rehearing, counsel for the State argue that because the Legislature in its regular session of 1961, by Act No. 172, approved August 1, 1961, amended Section 2(d) of Act No. 100, supra, by inserting the words "or house trailer" after the words "any

automotive vehicle or truck trailer, and semitrailer" conclusively showed that the Legislature excluded "house trailers" when it repealed the old sales tax act and inacted in lieu thereof Act No. 100, supra.

 As pointed out in our original opinion, the Legislature in 1951, by Act No. 677, provided that the term "truck trailer and semitrailer" when used in Article 10, Title 51, Code of Alabama 1940, as last amended, should include house trailers. In their brief on original submission, counsel for the Revenue Department pointed out that this amendment resulted from the administrative interpretation and enforcement of the prior sales act by which house trailers were placed in a different category from truck trailers and semitrailers. Thus the Legislature made its intent clear and the administrative interpretation by the State Revenue Department was overridden.

Again, we have the Legislature by Act No. 172, approved August 1, 1961, restating its intent that house trailers should be considered in the same category as truck trailers and semitrailers, thus again demonstrating its disagreement with the administrative interpretation placed on Act 100, supra, by the State Revenue Department.

We are in accord with statement of counsel for appellee in their reply brief to the appellant's brief in support of its application for rehearing:

"The *fact* that the *same legislature* immediately took such action, upon being advised that a contention had been made that the earlier 1959 Act No. 100 intended to change the classification of house trailers only and subject them to a higher and discriminatory rate, as a practical matter demonstrates conclusively that the Legislature never intended the earlier Act to work any change in the classification or tax status of house trailers."

Application overruled.