165 So.2d 704

**Hazel H. NUNN (Kent)**

v.

**William P. NUNN.**

**3 Div. 130.**

Supreme Court of Alabama.

May 28, 1964.

Rehearing Denied June 25, 1964.

Ball & Ball, Montgomery, for appellant.

Truman Hobbs, Godbold, Hobbs & Copeland, Montgomery, for appellee.

MERRILL, Justice.

Appeal from a decree in equity modifying a former decree between a divorced father and mother. The modification allowed the father to cease his payments of $87.50 per month for the support of his eighteen year old daughter. The wife has appealed.

The wife was divorced from her husband in 1958 and the court ratified and confirmed a property settlement, a part of which was the $87.50 monthly payment for the daughter.

Both husband and wife remarried, and early in 1963, they made a different arrangement about the support, but it remained at $87.50 per month for the daughter and this new agreement was approved by the court on May 17, 1963.

In September, 1963, the father petitioned the court for modification because the daughter would not visit him as provided in the agreement.

A hearing was held on October 21, the parties and their attorneys were present and the parties testified, but their testimony was not transcribed and no testimony appears in the record.

The decree appealed from was rendered on December 5, 1963, and it reads:

"Respondent William P. Nunn having filed his sworn petition praying that he be relieved of making further payment for the support of his daughter, Katherine Loraine Nunn, age eighteen, and setting out therein that although he has made all support payments for his said daughter pursuant to said agreement that said daughter has refused to visit with respondent or have any contact with him although the agreement of the parties under which said respondent agreed to make support payments provided for such visitation of said daughter with respondent; and said matter having come on for a hearing before this Court on the 21st day of October, 1963 with complainant and

respondent present in person and represented thereon by their respective attorneys, and the parties having testified in open court and the Court with the consent of both parties having subsequently advised the said Katherine Loraine Nunn as to her obligations to respondent, her father, but said Katherine Loraine Nunn having failed for more than six weeks subsequent to said hearing to visit her father or contact him as directed by this Court:

"It is, therefore,

"ORDERED, ADJUDGED AND DECREED by this Court:

"1. That respondent William P. Nunn be and he hereby is relieved of any further obligation to provide support for said daughter, the last payment due from respondent to said daughter being the payment for November, 1963.

"DONE this 5th day of December, 1963.

"Richard P. Emmet
Circuit Judge"

It is settled that the absence from the record of evidence taken orally before the court, even though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. It will be presumed that the omitted evidence justified the adjudication of the court on the various issues of fact presented. Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321, and cases there cited. This principle has been followed in Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274, and in Moore v. Pettus, 260 Ala. 616, 71 So.2d 814.

But appellant argues that the record shows on its face that the court erred in relieving the father of the parental duty to support his child.

In Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363, we held that a trial judge did not abuse his discretion in providing, as a condition to payment of child support

 

money, that the children comply with visitorial and custodial provisions of the decree, and quoted and approved a similar opinion, Putnam v. Putnam, 136 Fla. 220, 186 So. 517.

In the absence from the record of the testimony taken before the trial court, we must affirm the decree.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.