209 So.2d 393

**H. M. PARK**

v.

**N. R. ELLIOTT.**

6 Div. 189.

Supreme Court of Alabama.

April 11, 1968.

Phil Joiner, Birmingham, for appellant.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellee.

### PER CURIAM.

The suit pertinent to this appeal originated in the Circuit Court of Jefferson County, in Equity, and was on motion transferred to the Bessemer Division, wherein a final decree was rendered from which this appeal was taken.

The final decree allows the redemption by appellee of certain real estate in Jefferson County that was sold to the State at a tax sale; also it quiets title in appellee. Relief sought by appellant in his substitute bill to quiet title in himself was denied.

The original bill of complaint was filed by appellant, and subsequent thereto he filed a substitute bill of complaint. This latter bill alleged that appellant (complainant) was in peaceful possession of certain described land under a statutory deed from the State of Alabama, who acquired the property at a tax sale for nonpayment of ad valorem taxes assessed against the property that was then owned by appellee. Complainant also alleged that prior to the suit he had had open, exclusive, and peaceable adverse possession of said real property under said State Tax title for as much as three years.

Complainant further alleged that respondent (appellee) recorded certain instruments purporting to be conveyances to respondent, and that these described conveyances constituted "clouds" on his tax title.

The substitute bill concluded with a specific prayer for relief, namely, that on a final hearing "the court will cancel as of Record the instruments set out in Paragraph 3 above and decree such to be null and of no effect as of against Complainant's title to the property described in the foregoing substituted Bill of Complaint." There was no prayer for general relief.

The respondent answered, and later amended to make his amended answer a cross bill. We do not deem it necessary to detail the admissions and denials contained in the original answer, but suffice it to say that respondent claimed his title to the real estate through the deeds that complainant sought to cancel as clouds on his title.

Further answering, respondent contended that complainant was estopped from "attacking the validity" of the two warranty deeds to which complainant referred as clouds on his title, for the reason that complainant must claim through respondent's chain of title in that the State acquired its right or title through the same source or deeds.

Respondent made his amended answer a cross bill. He averred therein that he "is in the peaceable possession" of the

real estate in controversy. We omit the description of the real estate.

He also averred that cross-respondent claims some right, title or interest in the property, and that no suit was pending to enforce or test the validity of such title. He called upon cross-respondent to set forth and specify his title, etc. He also denied that cross-respondent had been in the adverse possession of the property for a period of three years as alleged in the substitute bill.

Cross-complainant prayed that he be allowed to redeem said property from cross-respondent; also, that the court decree that cross-respondent had no estate, title, claim or interest in such real estate.

Cross-respondent answered the cross bill by denying and admitting some of the allegations in the cross bill. We will not undertake to elaborate further on the answer.

The evidence was taken ore tenus before the trial court, but was not transcribed and does not appear in the transcript before us. The case was submitted to the trial court for final decree on the pleadings and the evidence. Both sides filed notes of testimony.

Prior to a final decree being rendered on this submission, cross-complainant Elliott informed the trial court in writing, with copy to appellant (cross-respondent), that he wanted to have the submission set aside and amend his cross bill to meet certain phases of the evidence, but that he did not want to take further evidence. The motion bearing such request was granted.

Appellant filed objections to the motion on the ground that the proposed amendment would not "fit in" with the evidence already taken at the trial. He also submitted with his objection an affidavit of a proposed witness pertaining to a telephone conversation with another party relative to renting the land.

An order of resubmission was entered by the court and a final decree again rendered. This decree denied relief to appellant and granted relief to appellee. We quote therefrom as follows:

"2. That the respondent be and he is hereby entitled to redeem the following described real property, to-wit: Lots 22, 23 and 24 Block 18, according to Simon-Scharf Survey as recorded in Map Book 6 Page 47, in the Birmingham Division of the Office of the Judge of Probate of Jefferson County, Alabama, having paid into the registry of this court the sum of $158.85, representing all lawful charges due complainant.

"3. It appearing to the Court that the respondent has paid into the registry of this Court the aforesaid sum of $158.85 which was necessary to redeem the subject real estate, the complainant herein is ordered, Adjudged and Decreed to have no right, title, or interest in, lien or encumbrance upon the real estate described with more particularity in paragraph 2 hereof, and that as to the said complainant, H. M. Park, title to said property be and it is hereby quieted in the respondent, N. R. Elliott. * * *"

Appellant has made fifteen assignments of error. We will refer to them in order.

Assignment 1.

It says that the decree is erroneous in manner and form, and contrary to law.

This ground is too general to be considered. The error of manner and form, and in which respect the decree is contrary to law, should be specifically pointed out so that the court's attention will be directed there. Danley v. Marshall Lumber & Mill Co., 277 Ala. 551, 173 So.2d 94(3).

Assignments 2 and 3.

These two assignments assert error on the part of the trial court in decreeing that appellant has no right, title or interest

in, lien or encumbrance upon the real estate, and in quieting title in appellee.

We here observe that the cross bill of appellee as amended alleges and seeks relief in two aspects: (1) quieting title in himself; (2) redemption of the property from sale by the State of its tax title to appellant. Demurrer was filed to the amended cross bill, but this demurrer is not the subject of review on this appeal.

It therefore appears that the final decree was responsive to the allegations and prayer of the cross bill.

Assignment 4.

█ Appellant contends in this assignment that appellee was not entitled to redeem the property and that the trial court erred in so decreeing.

We have already observed that the transcript does not contain a transcription of any of the evidence that was taken orally before the trial court. We are precluded from reviewing here the propriety of the trial court's conclusion thereon. Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321(2). It will be presumed that the omitted evidence justified the adjudication of the court on the various issues of fact presented. Thomas v. Thomas, supra, (3).

Assignment 5.

█ Here, appellant asserts that the final decree did not "divest" title of appellant, nor "invest" the same in appellee, and that it was error for the trial court to precede the adjudication in the final decree with recitals that appellee was entitled to redeem from appellant.

We note that the final decree does not specifically divest title of appellant and invest the same in appellee, but the decree does adjudge that appellee is entitled to redeem the subject property, and finds that the redemption money has been paid into the registry of the court.

We hold that the adjudication of redemption in the decree divests appellant's title and invests the same in appellee, all by operation of law, and that it was not necessary, although it might have been advisable, for a specific recital of such divestiture and investiture.

Assignments 6 and 7.

█ It is contended in Assignment 6 that the final submission was irregular and improper, not conforming to the prerequisites necessary to the rendering of the final decree. This assignment is too general for consideration. Danley v. Marshall Lumber & Mill Co., supra (3).

Appellant asserts in Assignment 7 that the trial court erred in overruling his objections to the motion that sought to set aside the first submission for final decree, "and to amend to make his [Elliott's] cross bill a cross bill for redemption," and praying that after said amendment "that this court will then order a resubmission of this cause on the pleadings as then cast *without the taking of further evidence.*"

█ Equity Rule 28(d), Title 7, Code 1940, Appendix, provides that "amendments to bills may be filed as a matter of right at any time before final decree * * * to meet any state of evidence which will authorize relief * * *." Farmer v. Hill, 243 Ala. 543, 11 So.2d 160(9). There is nothing in the transcript that the amendment was not for the purpose of meeting the evidence in conformity with Rule 28, supra. As we have already noted, the evidence was not transcribed and does not appear in the transcript. The trial court was privileged at its discretion, if not under a mandate, to set aside the submission and permit the amendment alleged to meet the evidence.

Assignment 8.

█ This assignment asserts that it was error on the part of the trial court,

after amendment to meet the evidence, not to allow appellant to take further evidence as to whether or not appellee had remained in possession of the property involved since the tax sale to appellant.

It appears in the transcript that appellant stated in his objections to the proposed amendment to meet the evidence that in the event a new submission is allowed he would not desire to submit further evidence subject to the qualifications that an attached affidavit be "allowed to go in for consideration by the court." Counsel for appellant at his own election was not present in court during the proceedings leading up to the amendment to meet the evidence.

It is to be noted that the submission was not set aside to permit the taking of additional testimony, but solely for the purpose of permitting an amendment to the cross bill to meet the evidence already taken.

The trial court was duty bound to permit the amendment to meet the existing evidence, and this would be true with or without objections on the part of appellant.

We are not informed by the transcript of the materiality of the proposed affidavit, nor of its admissibility. We cannot consider the insistence of appellant that the affidavit was material and admissible.

Likewise, appellant cannot successfully contend that the trial court did not consider the affidavit. There attends a presumption here that the trial court did consider all material and admissible evidence. The fact that the affidavit was not noted is immaterial. As a prerequisite to such consideration, it was not necessary in the present case that the affidavit be noted in the note of testimony. It is true that testimony was noted by both parties, but such noting was not mandatory. The testimony as we have already pointed out was heard orally before the court which obviates the necessity of noting the same.

Equity Rule 57, Title 7, Code 1940, Appendix, (Cum. Pocket Part).

Assignments 9 and 10.

Our views with respect to Assignment 8 apply to these assignments, and it would be redundant to repeat them.

Assignment 11.

■ Appellant complains in this assignment that the trial court erred in refiling his note of testimony after the amendment to meet the evidence. He says that the refiling was done without his consent.

The refiling of the note of testimony was unnecessary and without legal effect. The trial court had a lawful right to consider the testimony without a note of testimony. Equity Rule 57, supra. Even though the appellant did not consent, we will not put the trial court in error for doing an unnecessary act that was not prejudicial to the rights of appellant.

Assignments 12, 13, 14 and 15.

■ As we view these assignments, appellant complains that the testimony was not transcribed. We can find no motion in the transcript by either party to have the testimony transcribed. For aught appearing, both parties were satisfied for the court to render a final decree without such transcription. The mere omission of the trial court to have the testimony transcribed, in the absence of a specific denial of such transcription, is not reviewable. We will not undertake to suggest what procedure should have been followed by either or both parties to have the testimony transcribed, nor under what circumstances the failure to have such transcription effected would be reviewable. Suffice it to say that in the present state of the transcript before us, we are under no duty to reverse and remand the decree because there was no transcription.

We find no merit in any of the assignments of error and hold that the decree is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, COLEMAN and HARWOOD, JJ., concur.