238 So.2d 342

Louise LEYDEN et al.

v.

Mary Upchurch BENTLEY et al.

5 Div. 895.

Supreme Court of Alabama.

July 30, 1970.

G. C. Walker, Reynolds & Reynolds, Clanton, for appellees.

Longshore & Longshore, Birmingham, for appellants.

LAWSON, Justice.

Mary Della Latham, who was never married, died testate on June 20, 1968. Her will was duly admitted to probate and record in the office of the Judge of Probate of Chilton County on October 9, 1968, on which date Mary Upchurch Bentley, a niece of Miss Latham, was appointed executrix of the estate of Miss Latham. The administration of said estate was removed to the Circuit Court of Chilton County, in Equity, on March 24, 1969.

On its face the will of Miss Latham is the essence of simplicity. It reads:

"LAST WILL AND TESTAMENT

"STATE OF ALABAMA
CHILTON COUNTY

"I, Mary Della Latham, a resident citizen of Chilton County, Alabama, and being over the age of twenty-one years, and being of sound mind and disposing memory, do hereby make, publish and declare this to be my last will and testament, hereby revoking all former wills, which may have been made or executed at any time heretofore by me.

"1st. I will that all my just debts, expenses of my last sickness and funeral expenses shall be paid by my hereinafter named executors as soon after by death as practicable.

"2nd. I will, devise and bequeath unto my niece, Mary Upchurch Bentley and to my nephew, Dr. Samuel Earl Upchurch, share and share alike all of the personal property I may own at the time of my death. This shall include all money that I may have deposited in banks, all stocks and bonds of whatever nature, description or denomination, and all other personal property that I may own at the time of my death, whether particularly described herein or not.

"3rd. I nominate and appoint my niece, Mary Upchurch Bentley, and my nephew, Dr. Samuel Earl Upchurch, as executors of this my last will and testament, and do declare that they nor either of them shall be required to make or execute any bond for the performance of their duties arising hereunder nor shall they or either of them be required to make any inventory to any Court or any one else of the property coming into their hands as such executors, nor make any report to any Court or any one else of their proceedings hereunder, this being their authority to act in all matters pertaining to my estate, and in the event that either of my said named executors shall die before I do, then in that event, I nominate the survivor as my said executor under this my last will and testament. * * *"

But Dr. Upchurch, one of the legatees under the will, died on June 5, 1968, a few days before the death of the testatrix, and his untimely death has been to a large degree the cause of this litigation. Dr. Upchurch not being a descendant of testatrix (§ 16, Title 61, Code 1940), the legacy to him lapsed and as to the interest

which he would have taken if he had survived testatrix, the testatrix died intestate. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424; Morgan County Nat. Bank of Decantur v. Nelson, 244 Ala. 374, 13 So.2d 765.

Numerous claims were filed against the estate of Miss Latham, including several substantial claims by the executrix, Mary Upchurch Bentley, and by the executors of the estate of Dr. Upchurch. Some heirs of Miss Latham contested certain of the claims filed by Mary Upchurch Bentley and the executors of the estate of Dr. Upchurch.

Following a hearing at which the testimony was taken ore tenus and many exhibits were introduced, the trial court rendered a decree wherein the joint claim of Mary Upchurch Bentley and the executors of Dr. Upchurch's estate was allowed in the sum of $8,906.78, which sum includes interest.

The trial court further decreed, in part:

"3. That an undivided one-half interest in and to the estate be set apart to the beneficiary and legatee, Mary Upchurch Bentley, according to the terms of the will; that the remaining undivided one-half interest of said estate be set apart for the payment of the claims and of the debts of the estate, cost of administration, taxes and all other indebtedness of said estate.

"4. That the names of the distributees of Mary Della Latham and the interest of each of said distributees in and to that portion of her estate, being a one-half part, to which she died intestate, are as follows: * * *

"5. That the one-half undivided interest of the property of the testatrix that was intestate to be distributed on final settlement among the distributees herein named in the proportions indicated, after the payment of claims and debts of the estate and the cost of administration.

"6. That in the event the intestate property, as herein ascertained, is not sufficient to pay the debts and claims of the estate and cost and fees of administration, then the deficiency shall be supplied from the one-half undivided interest set apart to the legatee, Mary Upchurch Bentley."

From that decree an appeal was taken to this court by the heirs of Mary Della Latham, deceased, who contested the claims filed by Mary Upchurch Bentley and the executors of the estate of Dr. Upchurch.

■■ Appellants contend that the trial court erred in allowing the claims filed by Mary Upchurch Bentley and the executors of the estate of Dr. Upchurch, some of which claims appellants assert in brief were barred by the statute of limitation of three years.

We cannot review that contention. Submission here was on the record proper. In other words, the transcript of the record does not contain a transcription of any of the testimony which was taken orally before the trial court or any of the exhibits which were before the trial court. Under our cases, we must presume that the omitted evidence justified the adjudication of the trial court on the various issues of fact presented. Park v. Elliott, 282 Ala. 110, 209 So.2d 393; Mason v. Mason, 276 Ala. 265, 160 So.2d 881; Nunn v. Nunn, 276 Ala. 621, 165 So.2d 704. Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. Coleman v. Estes, 281 Ala. 234, 201 So. 2d 391.

The appellants argue in brief assignments of error which "go to the point that the Court committed error in construing the will to be a specific devise to Mary Upchurch Bentley and thereby excluded her part from the payment of debts, and ordered in said decree that the part bequeathed to Dr. Samuel Upchurch, which it was agreed lapsed because of his death before the testator (sic), be charged with all of the debts of the estate and the costs of administration."

■ There is a great deal of discussion in the briefs, particularly that filed on behalf of appellants, as to the character of the legacies; that is, whether they are general or specific. In our opinion, however, it makes no difference in the solution of the issue before us because of the rule stated in 4 Page on Wills, Lifetime Edition, § 1496, p. 323: "If there is no residuary clause, property not disposed of by will is first applied to debts and the like." Temple v. First Nat. Bank of Meridian, 202 Miss. 92, 30 So.2d 605; Hammond v. Bibb, 234 Ala. 192, 174 So. 634.

The lapse of the legacy to Dr. Upchurch caused the share of testatrix' property intended for him to bcome intestate property, in effect a residuary estate. If the appellants had been made residuary legatees, Mary Upchurch Bentley would have been entitled to take her legacy free from the debts of testatrix if the other property was sufficient to pay the debts. The fact that appellants now take under the statute of descent and distribution does not make their position stronger than it would have been if they had been named in the will as residuary legatees.

Appellants cite In re Miller's Will (Surrogate's Court, Delaware County), 60 N. Y.S.2d 224, in support of their insistence that the debts, cost of administration and the like should be paid from the estate in its entirety and not alone from the lapsed legacy. We are of the opinion that the *Miller case* is distinguishable from the case at bar on the facts. Under the terms of the Miller will, the residuary estate was to be divided among eight legatees, but two of the legacies lapsed by reason of legatees predeceasing Miller, the testator. The surviving legatees contended that by reason of the lapsed legacies, testator's debts, funeral expenses and expenses of administering the estate should be paid from the lapsed legacies and not from the estate in its entirety. The court held to the contrary. We do not think that holding to be in conflict with the holding of the trial court in the case at bar. In *Miller* there were lapsed legacies within the residual clause, the clause which is to be looked to first for debts, expenses, etc., in the absence of other directions. Since the legacies provided for Mrs. Bentley and Dr. Upchurch were not to come from a residuary clause, we do not feel that the holding in the *Miller case, supra,* is applicable here.

Miss Latham obviously wanted her wordly possessions to go to two people upon her death, Mrs. Bentley and Dr. Upchurch. Her wishes could not be carried our because of Dr. Upchurch's death prior to her own. The appellants in this case were known, of course, to Miss Latham but they were not mentioned in her will. We do not believe that we would be complying with the wishes of Miss Latham, the testatrix, if we were to hold that Mrs. Bentley's share was to be reduced by charging it with debts, cost of administration, etc., when those items can be paid out of the share intended for Dr. Upchurch but which now goes to the distributees, only one of whom, Mrs. Bentley, was mentioned in the will.

■ We agree with the holding of the trial court to the effect that the part of testatrix' estate which lapsed is first chargeable with the debts of the estate, the cost of administration and the like.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.