This is a most unusual divorce case. Defendant husband appeals from a judgment granting to plaintiff wife a divorce, custody of a child, and a property settlement. The appeal is unusual in several ways. First, there is no proper transcript of the testimony taken ore tenus before the trial judge. Second, there are voluminous and repetitive filings by the defendant in the clerk's record totaling over three hundred pages which were never supported by legal evidence. Third, defendant was represented at some phase of the proceedings by at least three attorneys. However, most of the filings were made pro se. No attorney appeared for defendant at trial though a continuance was granted for that purpose via a pro se request. Defendant attempted to use his son as his representative at trial. Fourth, defendant is incarcerated in a Canadian prison after conviction for drug smuggling. Fifth, defendant is a Haitian National. He was in prison and a non-resident of Alabama at time of service of the complaint, yet he appeared by answer-cross-complaint and a third-party complaint without contesting his in-personam jurisdiction.
Defendant, though permitted a forma pauperis appeal, is represented by counsel who has filed in this court what he entitles Brief and Argument containing some eighty pages. Much of this instrument (thirty-two pages) is termed a statement of facts. This "statements of facts" is nothing more than "allegations" contrived from the pleadings filed by defendant and is unsupported by any evidence presented at trial. This material is not for this court's consideration, any more than it was for the trial court's consideration. Allegata without probata is nothing. Wilson v. Crosby Lumber Co., 386 So.2d 1173
(Ala.Civ.App. 1980). A case is not tried upon allegations, even if in form of affidavits, but upon evidence presented from the witness stand and subject to cross-examination. Defendant made many allegations but defaulted in producing evidence.
The only evidence presented according to the statement of the court in its judgment was presented by the plaintiff. Even that evidence is not properly presented to this court on appeal. There apparently was no reporter present at trial. Defendant has attempted to prepare a statement of the evidence under Rule 10 (d), ARAP. A statement was prepared by defendant's son from his recollection. That statement was served upon counsel for plaintiff who objected to it and moved to strike it. The trial court denied that motion and said in its post trial order that the statement was substantially correct as far as it went but that it was incomplete, there having been additional evidence presented. Thus it is clear that the trial court heard evidence not presented to this court. Without deciding whether the evidence produced in the record was properly presented under Rule 10 (d) through the recollection of one not a party nor an officer of the court, this *Page 1019 
court may not reverse a judgment of a trial court which is not contrary to the evidence in the record and which judgment states there was additional evidence heard but not contained in the record. Smith v. Haynes, 364 So.2d 1168 (Ala. 1978). It is well settled that evidence heard by the trial court but not present in the record on appeal is presumed to support the judgment of the trial court. Davenport v. Davenport,356 So.2d 205 (Ala.Civ.App. 1978); Nunn v. Nunn, 276 Ala. 621,165 So.2d 704 (1964).
Finding nothing in the record to the contrary, the judgment is conclusively presumed to be supported by the evidence and correct.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.