This is a contempt case.
This cause arose under the following pertinent facts:
The Weavers were divorced in February 1977. The wife was awarded custody of the four minor children, and the husband was ordered to pay $500 per month child support. The original decree of divorce did not provide for an automatic reduction in child support as the children became of age, married or became self-supporting.[1] The decree did not specify an amount per child. In October 1978, the oldest child left the mother's home and moved in with her father. He reduced the child support payment by $100 per month. That child reached majority on February 1, 1980. In July 1980, the mother petitioned for rule nisi, claiming an arrearage in child support of $100 per month from October 1978 to July 1980.
The trial court found that the father was in arrears in child support, but found that the support expended for the child residing with him should be offset against the arrearage. Thus, the trial court concluded that no arrearage was owed. The mother appealed, and we reversed and remanded. Weaver v.Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78
(Ala. 1981).
On remand, the trial court held a second ore tenus hearing. The final order reveals that a second child left the mother's home in August 1981 and moved in with the father. That child reached majority on August 31, 1981. Once again, the father reduced his monthly child support payment by $100. The mother claimed an additional arrearage based on that reduction. The trial court noted that no petition for modification of child support was filed by the father. The trial court in its order of October 9, 1981, held the father in contempt of court and set the total arrearage owed at $3,933, including interest. Costs were taxed against Weaver, and he was ordered to pay his former wife $350, presumably as an attorney's fee. The father's post-trial motion was denied, and he filed a petition for writ of certiorari. No transcript of the evidence was available, and Weaver failed *Page 287 
to file a statement of the evidence pursuant to Rule 10 (d), (e), A.R.A.P.
Weaver contends that the trial court's finding of contempt is erroneous. He also attempts to rehash the child support issues decided by the prior appeal.
The settled rule in this state is that where no record is presented for review, this court may not reverse. Nadreau v.Nadreau, 395 So.2d 1017 (Ala.Civ.App. 1981). As we said inAdams v. Adams, 335 So.2d 174 (Ala.Civ.App. 1976),
 It is quite obvious that the trial court heard evidence which is not before us; consequently we must assume that the oral evidence is sufficient to support the decree rendered, and we have no alternative but to affirm.
Due to the lack of a record on appeal, this cause is affirmed. It would appear appropriate that if Weaver desires relief from the original decree, he should consider filing a petition for modification by the court. We have said there is no authority for his doing it on his own.
The request of the appellee for an attorney's fee on appeal is granted in the amount of $350.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] We note that our opinion in a prior appeal of this case,Weaver v. Weaver, 401 So.2d 77, at 78, incorrectly stated that "the order did provide for a reduction in the event of future change of events, such as one of the children attaining majority." It should have read "did not."