WRIGHT, Presiding Judge.
This is an appeal from an order modifying a divorce decree.
The parties were divorced on July 25, 1980. The judgment incorporated a property settlement agreement awarding the family residence to the mother and the business property to the father. The agreement also provided: “The parties have understood and agreed that there will be no child support.” It was agreed that the mother would have custody of the three minor children with visitation rights to the father.
In January 1981, the mother filed a Petition to Modify the decree and award child support because of a change in circumstances. Following a hearing ore tenus (of which no transcript was made), the court ordered the father to pay $105 per week for the support and maintenance of the minor children. The court also placed a lien for $5,460 (total of support payments for one year) against the business property of the father to insure future payments. The father appeals.
The only issue presented is whether the trial court abused its discretion in modifying the divorce decree. The father contends the trial court’s judgment is unsupported by any legal evidence that: (1) there has been a change of circumstances; or (2) the father has the ability to pay the ordered support. In a modification proceeding, the petitioner has the burden of proving a material change in circumstances since the original decree and that the welfare of the children is thereby adversely affected. Hodges v. Nelson, 370 So.2d 1020, 1021 (Ala.Civ.App.1979). Modification of a divorce decree is a matter within the discretion of the trial court, and will be disturbed on appeal only if the trial court is found to be plainly and palpably wrong. Green v. Green, 380 So.2d 884 (Ala.Civ.App.1980). The presumption of correctness afforded the trial court after an ore tenus hearing is overcome only if the decree is found to be unsupported by any legal evidence. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
No transcript was made of the proceedings below. The record before us consists of income tax returns of the father before and since the divorce and a statement of the trial court purportedly settling the record under Rule 10(d), A.R.A.P.[1]
The court’s Order Settling the Record found the following facts, inter alia: (1) that father testified he had no income from his business; (2) that his accountant was not in fact an accountant, but a retired postal employee; (3) that there was no evidence that there was a set of books for the father’s business, but he in fact operated on a cash basis with no record of cost, expenses or profit; (4) that the father has accumulated several thousand dollars worth of inventory and equity in the commercial building where the business is located; (5) that the father is an able-bodied, middle-aged male capable of earning sufficient wages to support his children; (6) that the three minor children are in dire need of support from the father; and (7) that the mother was earning less than $5,000 per year at the time of the hearing. The court’s final order modifying the original divorce decree contained the following statement:
“Upon consideration of the testimony and evidence presented on the issues raised by the defendant [mother] in her petition, the Court finds that since the date of the Final Decree of Divorce, the needs of the minor children have increased materially, *1065 that the annual income of the plaintiff [father] is such that a determination of the same is difficult, and the income of the defendant [mother] has decreased substantially.”
It is evident from the language of the trial court’s order that there was evidence heard by the court but not adequately set out in the record as settled. We held, in Nadreau v. Nadreau, 395 So.2d 1017, 1019 (Ala.Civ.App.1981), that “evidence heard by the trial court but not present in the record on appeal is presumed to support the judgment of the trial court.” Nadreau also involved a prepared statement of the evidence under Rule 10(d), A.R.A.P. Clearly the trial court in this case disbelieved the testimony of the father that he was without income from his business since the divorce. The father’s income tax return for 1980 was completed by another, untrained in accounting, from oral information given him by the father without supporting records. Though showing net income of only $842.00, it showed inventory of over $45,000.00 with sales of $15,679.00. There were inventory purchases of $21,854.00 during the year with a year-end inventory of $33,750.00. The father remarried in 1980, stating that he was totally supported by his new wife and his mother. There was evidence of equity accumulated in the business property. This court concludes that there was basis for disbelief of father’s testimony and reasonable inference to be drawn from the evidence that he had income and/or assets from which contribution could be made to aid in the support of his children. With only the court’s settlement of the evidence and proceedings available to us, we find the presumption of the correctness of its judgment prevails.
Appellee’s request for attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The trial judge refused to accept the statement of appellant made without objection by appellee, according to Rule 10(d) A.R.A.P. and filed his own statement of the evidence. There being no objection to the action of the judge, we have considered the judge’s statement sufficient for review though it appears to contain conclusions as much as evidence. The statement of the evidence presented by appellant, though included in the record, is not properly for our consideration.