This case concerns an automobile accident which occurred at the intersection of Kyle and Laurel Streets in the City of Scottsboro, Alabama. Bob and Rachel Johnson contended that the City of Scottsboro allowed an unreasonably hazardous condition to exist, in that the stop sign on Kyle Street where it intersects with Laurel Street was hidden by the limbs and leaves of an elm tree. They based their suit on the theory that the accident, in which Mrs. Johnson was severely injured when the automobile in which she was riding collided with another automobile, would not have occurred absent the existence of this hazardous condition.
This case was tried to a jury and a jury verdict was returned in favor of the Johnsons, assessing Rachel's damages at $60,000 and Bob's at $9,000, whereupon the trial court entered judgment on the verdict.
Scottsboro appealed to this court after its motion for judgment notwithstanding the verdict or for a new trial was denied. Three issues are presented for decision on appeal.
 I.
The first issue concerns whether the trial court erred in permitting, over timely objection, plaintiffs' counsel to argue damages in closing argument when the matter of recovery of damages was not mentioned in the opening portion of that argument.
The record presented to this court on appeal does not contain a transcript of the closing arguments. Scottsboro and the Johnsons have submitted conflicting affidavits as to the content of the argument submitted on behalf of the Johnsons. It is well established that this court, absent an accurate and complete record, will not question the propriety of a trial court's ruling based on matter before that court. Valley Min.Corp. v. Metro Bank, 383 So.2d 158 (Ala. 1980); Pinckard v.Dunnavant, 281 Ala. 533, 206 So.2d 340 (1968); Park v. Elliott,282 Ala. 110, 209 So.2d 393 (1968).
 II.
Second, Scottsboro contends the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict. It contends the case should not have been submitted to a jury because *Page 861 
there was insufficient evidence to establish the city had actual or constructive notice that leaves and branches obstructed or obscured visibility at the intersection where Mrs. Johnson was injured.
The law of Alabama is clear that a municipality has a duty to remedy defects upon the receipt of actual or constructive notice, City of Prichard v. Kelley, 386 So.2d 403 (Ala. 1980), and that proof of notice is a prerequisite to liability. Id., at 407.
We think, however, that in the instant case there was more than sufficient evidence from which the jury could have concluded that the City of Scottsboro had notice of the obscured stop sign. It is undisputed that the tree in question here was between twenty and thirty feet high, and had a trunk seven and one-half inches in diameter. The Johnsons submitted, as an exhibit, a photograph taken two days after the accident, showing how the stop sign was hidden by the elm tree. Mr. Ralph Hodges, a foreman with the Scottsboro Street Department, testified as follows: (1) that he went through the intersection of Kyle and Laurel Streets, where the accident occurred, approximately fifteen times per week, sometimes as often as ten times per day; (2) he installed the stop sign in question in 1979; and (3) the traffic department had an informal system for the detection of hidden stop signs and he was responsible, as were others, for noting hazards and taking appropriate action.
In City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276
(1936), overruled on other grounds, 268 Ala. 138, 105 So.2d 121
(1958), this court stated that the duty of the municipality is "affected by the circumstances, such as the frequency of the use of the intersection, and the manner of its use, and its appearance." It went on to conclude that Tuscaloosa had notice of a defect on city property:
 "[S]ince the defect was present, and the city's servants mowed the grass over or about it, the jury could infer that they did in fact see it, or were negligent in not doing so. . . ."
232 Ala. at 134, 167 So. 276.
It is clear the evidence presented in the instant case justified submission to a jury of the issue of notice and the jury could have reasonably inferred that the city did see, or should have seen, that the stop sign at the southern intersection of Kyle and Laurel Streets was obscured by an elm tree.
 III.
Third, Scottsboro contests the trial court's decision to allow certain testimony by a traffic engineer, Richard P. Kramer, which, it alleges, was radically different in character than disclosed in answers to interrogatories. Scottsboro claims "surprise."
In answer to interrogatories from Scottsboro, the Johnsons stated the anticipated subject matter of Kramer's testimony as follows:
 "The design lay-out and placement of traffic control devices at the intersection made the basis of this suit. That the Alabama Uniform Manual on Traffic Control Devices requires that they be inspected and cleared of obstruction on a regular basis and that due to the sequence of visual cues along Kyle Street, the motoring public is lead [sic] to believe that it is a thru street."
Scottsboro argues Kramer should not have been allowed by the trial court to testify concerning:
(1) The distance south of the stop sign for which a motorist's vision was obscured by the elm tree;
(2) The number of feet it would have taken for the driver of the car in which plaintiff was a passenger to stop after seeing the sign if going 30 or 40 miles per hour; and
(3) His opinion that the intersection was "unreasonably hazardous."
Scottsboro does not allege Kramer was unqualified to give such testimony; only that the trial court abused its discretion in permitting Kramer's "surprise" testimony. *Page 862 
While there were objections to the admission of the above testimony, Scottsboro did not, at any time during the testimony of Kramer, move for a continuance or postponement in order to seek additional discovery or obtain a rebuttal witness. It is clear that, to preserve this type of objection on appeal, a request for continuance or postponement should have been made of the trial court. Calvert Marsh Coal Co. v. Pass,393 So.2d 955 (Ala. 1981). There was no abuse of discretion by the trial court with regard to its ruling upon this testimony.
For the stated reasons, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.