This is a termination of parental rights case.
Fred and Jefferdean Johnson brought a petition in Jefferson County Family Court to obtain permanent custody of Norrean Renee Coleman and to terminate parental rights. On February 11, 1983, after an ore tenus hearing, the petition was granted. The natural parents, Ronald and Lorraine Coleman, gave notice of appeal on February 23, 1983.
What occurred after that date is a procedural misfortune. There was confusion between the trial court and counsel for the Colemans as to who was responsible for transcribing the tape recording of the hearing. This court informed appellants of the failure to timely file completion of a record on February 22, 1984. They were given seven days to cure all deficiencies. Counsel for the Colemans wrote this court a letter recounting his misunderstanding with the court and explaining that the tape recordings had been erased. We then suspended the Alabama Rules of Appellate Procedure and informed the attorney for the Colemans that he had twenty-eight (28) days to file an A.R.A.P. Rule 10 (d) statement of the evidence in lieu of a transcript.
On August 13, 1984, we received a document entitled,"Statement of Facts Pursuant to ARAP Rule 10 (d)." However, this document did not comply with A.R.A.P. Rule 10 (d). It was produced and signed only by counsel for the Colemans. Rule 10 (d) requires a court-approved statement of the proceedings when no transcript is available. Hence, we have no record of the proceedings, transcript or otherwise.
The settled rule in this state is that where no record is presented for review, this court may not reverse. Ex parteWeaver, 412 So.2d 286 (Ala.Civ.App. 1982); Nadreau v. Nadreau,395 So.2d 1017 (Ala.Civ.App. 1981). This rule is based in part on the presumption that where it affirmatively appears that the trial court considered oral testimony in reaching its decision, and such testimony is not present in the record, the testimony is presumed sufficient to support the judgment. Adams v. Adams,335 So.2d 174 (Ala.Civ.App. 1976).
The appellant bears the burden of ensuring that the record contains sufficient evidence to warrant a reversal. Trimble v.City of Prichard, 438 So.2d 745 (Ala. 1983). Because the appellants have failed to meet this burden, we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 640