INGRAM, Judge.
This appeal is from an order denying a petition to modify a previous divorce decree. We affirm.
The parties to this appeal were divorced on September 14,1984. The divorce decree required the husband to pay $2,500 per month as periodic alimony, to pay and assume a second mortgage on the marital residence; and to secure and keep in full force and effect a policy of insurance on his life, naming the wife as the irrevocable beneficiary and in an amount sufficient to yield $2,500 per month for her lifetime.
On July 10, 1986, the husband filed a petition seeking a modification of alimony payments due to a change in his financial circumstances. The wife filed a counter-petition claiming the alimony payments should be increased to meet her current financial needs. After the court took evidence ore tenus, both petitions were denied and the original divorce decree ordered to remain in effect.
At the outset we note that modification of a divorce decree is a matter within the discretion of the trial court and will be disturbed on appeal only if the trial court is found to be plainly and palpably wrong. Brumbeloe v. Brumbeloe, 429 So.2d 1063 (Ala.Civ.App.1983).
The record shows that at the time of the divorce the husband had an income of $153,000 per year. He was then an orthopedic surgeon with Gadsden Orthopedic Associates. In October 1985 the husband discontinued his association with Gadsden Orthopedic Associates and moved to Birmingham. From October 1985 to May 1986 he practiced with a specialist in arthroscopic surgery. Arthroscopic surgery primarily involves repair of joints such as the knee. In May the husband returned to Gadsden to start his own practice specializing in arthroscopic surgery. He associated with a local hospital to develop a program in sports medicine, for which he received $10,-000 per month for three months.
The gist of the husband’s argument to modify his alimony obligations to his former wife is that he is heavily indebted and that he will not begin receiving any cash flow from his new practice for some six months. The record shows that he has expended some large sums in the start-up of his new practice and that his income has decreased since that at the time of the divorce. However, the record also shows that the husband has a sizeable portfolio of investments and real estate holdings. It also shows that he has purchased a 2,600-2,700-square-foot home for himself and his new wife; that he purchased a 1985 Chrysler New Yorker Fifth Avenue; and a month before the hearing in this case, that he traded in the 1985 for a 1986 model of the same car. The record also shows that a number of the husband’s real estate investments were for the purpose of sheltering his income — an income which is likely to increase due to the doctor’s new specialization. We find that his existing assets are more than adequate to meet his alimony obligations.
Given the presumption of correctness of the trial court judgment, we cannot hold that the court erred in denying the petition for modification in this case. There was ample evidence upon which the court could find that the husband’s changed financial circumstances did not necessitate a modification of his alimony obligations to his former wife.
*1240 This case is affirmed.
The wife has requested an attorney’s fee for representation on appeal. A fee of $750.00 is granted.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.