ROBERTSON, Judge.
This is a divorce case.
After an ore terms hearing the trial court divorced the parties, and, inter alia, awarded periodic alimony of $300 per month to the wife. The wife appeals contending that the alimony award is so insufficient as to constitute an abuse of discretion by the trial court. We find no error requiring reversal and affirm.
After the divorce was granted and the appeal filed by the wife; the wife requested, and was granted, an extension of time in which to file her statement of evidence as required by Rule 10(d), Rules of Appellate Procedure, when a transcript is unavailable. Appellant contends that the hearing below was conducted without the benefit of a court reporter due to lack of funds. Even after the extension to December 31, 1988, appellant failed to submit any statement. Therefore, there is no record of the proceedings below for this court to utilize in its review.
We have held that the “[a]ppellant bears the burden of ensuring that the record contains sufficient evidence to warrant a reversal.” Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). In the instant case, the appellant has placed this court in a situation not unfamiliar, but certainly unfavorable to her. This same problem was addressed in Coleman, supra, with the following language:
“The settled rule in this state is that where no record is presented for review, this court may not reverse. Ex parte Weaver, 412 So.2d 286 (Ala.Civ.App.1982); Nadreau v. Nadreau, 395 So.2d 1017 (Ala.Civ.App.1981). This rule is based in part on the presumption that where it affirmatively appears that the trial court considered oral testimony in reaching its decision, and such testimony is not present in the record, the testimony is presumed sufficient to support the judgment. Adams v. Adams, 335 So.2d 174 (Ala.Civ.App 1976).”
Matter of Coleman, 469 So.2d at 639.
Our review cannot extend to the merits of this case because the appellant failed to provide a sufficient record for review. Therefore, we are bound by the attendant law and must affirm.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.