The State of Alabama filed on behalf of Judy Gibson a contempt petition for nonpayment of child support against Richard S. Gibson. After an ore tenus proceeding, the trial court found that no arrearage existed. The State appeals, contending that the trial court erred in finding that no arrearage existed.
The law is clear that, on appeal, the appellant bears the burden of ensuring that *Page 1093 
the record contains sufficient evidence to warrant a reversal.Matter of Coleman, 469 So.2d 638 (Ala.Civ.App. 1985). Furthermore, the settled rule of this state is that, where no record is presented for review, this court may not reverse.Matter of Coleman, supra. This rule is based in part on the presumption that, where it affirmatively appears that the trial court considered oral testimony in reaching its decision and such testimony is not present in the record, the testimony is presumed sufficient to support the judgment. Matter of Coleman,supra.
Here, there is no court reporter's transcript in the record. Likewise, there is no Alabama Rules of Appellate Procedure, Rule 10(d), statement of the evidence in lieu of a transcript. We do note that the record does contain a document entitled "Statement of the Evidence." However, this document does not comply with A.R. A.P., Rule 10(d). It was produced and signed only by counsel for the State and was not court approved, as required by Rule 10(d). Hence, we have no record of the proceedings, in the form of a transcript or otherwise.
In view of the above, the State has failed to meet its burden, and we must affirm.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.