Arnold Raymond Averett and Dorothy Jeanette Averett were divorced by a judgment entered on March 26, 1990, which provided, among other things, certain property awards. The trial court granted Mrs. Averett's motion to reconsider on April 26, 1990, and further ordered:
 "2. That the stocks and bonds owned by the parties prior to the divorce shall be equally divided between the parties."
No appeal was taken by either party.
Mrs. Averett filed a rule nisi proceeding on July 19, 1990, seeking certain relief including an order requiring Mr. Averett to convey to her one-half of the stocks and bonds owned by the parties before the divorce. After an ore tenus proceeding, the trial court found from the "sworn testimony" that the stock in question was not part of Mr. Averett's retirement and ordered him to transfer one-half of the stock to Mrs. Averett within ten days from the date of the order. Mr. Averett appeals from this order and cites Pedigo v. Pedigo, 413 So.2d 1154
(Ala.Civ.App. 1981), in support of his argument that the trial court abused its discretion in awarding Mrs. Averett one-half of the stock because the stock was in Mr. Averett's retirement account.
We first note that the original order dividing the stock owned by the parties prior to the divorce was not questioned and became final. In this appeal, there is no court reporter's transcript in the record of the testimony upon which the trial court based its decision. Also, there is no Alabama Rules of Appellate Procedure, Rule 10(d), statement of the evidence in lieu of a transcript.
Consequently, we have no alternative but to affirm the trial court's judgment. Rush v. Rush, 551 So.2d 1075
(Ala.Civ.App. 1989). The settled rule of this state is that, where no record is presented for review, this court may not reverse.State of Alabama ex rel. Gibson v. Gibson, 555 So.2d 1092
(Ala.Civ.App. 1989). Where the trial court considered oral testimony in reaching its decision and that testimony is not in the record, the testimony is presumed sufficient to support that judgment. Gibson.
We cannot reverse the trial court in this case without knowing what the "sworn testimony" was upon which it found that the stock in question was not a part of Mr. Averett's retirement, and therefore, was subject to the order of division in the divorce decree.
AFFIRMED.
RUSSELL and THIGPEN, JJ., concur.