THIGPEN, Judge.
This is a divorce case.
The parties were married in July 1978, and lived together as husband and wife until sometime in 1986, when the wife left the parties’ residence, taking the child of *864 the parties with her, to live with her parents or other relatives, in their homes. The wife filed for divorce in September 1989, and the husband counterclaimed. After an ore tenus proceeding, the trial court entered a final judgment of divorce in January 1990, which contained provisions for a property division, custody of the parties’ child, visitation, and support. After her post-trial motion was denied, the wife appealed.
The dispositive issue on appeal is whether the trial court abused its discretion in the property division it ordered.
Our review of the record reveals that although there was no transcript of the proceedings, the wife has substantially complied with Rule 10(d), Alabama Rules of Appellate Procedure. For the record, she provided her statement of evidence, the husband made some objections and offered additional evidence, and there was a statement of evidence from the trial judge. We note here that the wife, as appellant, bears the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). Here, the wife supplied statements which provided this court with a concise record for review in this appeal and revealed certain pertinent facts.
The judgment ordered the following property division: the residence belonging to the parties was awarded to the husband, the wife was ordered to execute and deliver to the husband a deed transferring her right and interest in the property to the husband within thirty days of the judgment, and the husband was ordered to make all mortgage payments on the residence. Testimony revealed that, at most, the value of the property was no more than the indebtedness due thereon, thereby establishing little or no equity in the property. Each party was awarded all furniture or furnishings presently in his or her possession. By consent of the parties, the wife was awarded the care, custody, and control of the minor child of the parties, and the husband was ordered to pay child support in the amount of $250 per month. Additionally, the husband was ordered to pay the sum of $2,400 as alimony in gross. Each party was awarded title to one of the parties’ two automobiles.
The wife contends that the trial court erred in awarding the marital home to the husband. She asserts that she wanted the home for the purpose of raising the minor child. She further argues that the trial court abused its discretion in awarding furniture and furnishings to the parties presently having possession because many articles she wanted which were necessary to assist her in raising the child, including the child’s clothing and bedroom suite, were in the possession of the husband.
The record reveals that the parties were living separately approximately three years before the wife filed for divorce. During that time, the wife and child lived with relatives and the wife continued working. Also during those years, the husband remained in the marital residence and made the mortgage payments. The evidence is conflicting as to whether the wife was able to enter the marital residence to obtain articles she claims she needed for the benefit of her and the child.
We note that when a trial court is presented evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). The division of property pursuant to divorce and the award of alimony are matters that lie within the sound discretion of the trial court and that court’s decision will not be disturbed on appeal except for palpable abuse of that discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, the division of property pursuant to divorce is not required to be equal, but it must be equitable. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
A lengthy discussion of further details in this case would add nothing to the existing law. There is evidence in the record supporting the property division. After carefully and thoroughly reviewing the entire record, we are not persuaded that the trial court’s determination with regard to the *865 division of the marital property is of such a nature as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong and its judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.