Marshall E. Grant filed an action against the State of Alabama, the State Department of Revenue (Department), and the Commissioner of Revenue on April 23, 1992, challenging three final assessments of tax that had been entered against him by the State. Those assessments involved: a final assessment of $1,361.59, entered on July 8, 1981, for sales tax, penalty, and interest due for the period of November 1, 1980, through April 30, 1981; a final assessment of $310.17, entered on March 27, 1981, for sales tax, penalty, and interest due for the months of June 1979 and July 1980; and a final assessment of $1,102.54, entered on May 11, 1982, for income tax due for the calendar year 1978. Marshall claimed that the sales tax assessments had been paid "under protest" and that the income tax assessment for 1978 "was paid by an amended return filed on or about April 19, 1984, carrying back net operating losses for tax years 1980 and 1981 to tax year 1978 and thereby reducing the tax liability for 1978 to zero." He sought a declaratory judgment, injunctive relief, and a recovery of taxes and interest that he claimed he had been overcharged.
The trial court dismissed the case on June 30, 1993, on a motion to dismiss filed by the Department. Grant appeals, contending that the trial court erred in dismissing his complaint for failure to state a claim, arguing that he stated a cause of action.
Grant cites Rule 8, Ala.R.Civ.P., for the proposition that a motion to dismiss should be granted only when it appears that the nonmovant "can prove no set of facts in support of his claim which would entitle him *Page 1371 
to relief." If, however, matters outside the pleadings are presented in support of, or in opposition to, the motion to dismiss, and the court considers those matters, then the motion shall be treated as a motion for summary judgment and shall be disposed of pursuant to Rule 56, Ala.R.Civ.P. All parties shall be given reasonable opportunity to present material made pertinent to the motion by Rule 56. Rule 12(b), Ala.R.Civ.P. The trial court stated in its order:
 "Grant, through his attorney, filed a trial brief in opposition to the state's motion to dismiss. Following oral arguments, the attorneys for the parties submitted letters to the Court addressing certain points raised during oral arguments. Throughout this proceeding, each party has been given reasonable opportunities to present to the Court documents or materials that they deem pertinent."
We conclude that the trial court properly treated the motion to dismiss as a motion for summary judgment. See AC, Inc. v.Baker, 622 So.2d 331 (Ala. 1993). In reviewing the disposition of a summary judgment motion, our standard is the same as that utilized by the trial court in determining whether the evidence presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Id.
Grant next contends that he filed for recovery of tax pursuant to § 40-1-11, Ala. Code 1975 (repealed by Acts 1992, No. 92-186, § 80, effective October 1, 1992), and that he complied with that section's requirements. Section 40-1-11
provides that "the taxpayer shall commence an action against the officer for the recovery of such excessive or invalid tax, as the case may be, within 60 days after the payment thereof under protest."
The trial court, in its order, held that Grant did not appeal the income tax final assessment pursuant to § 40-2-22, and that the matter could not be "reopened." That section provides that an appeal from any final assessment must be taken within 30 days of the final assessment. A declaratory judgment action cannot be used as a substitute for an appeal. Lambert v. StateDep't of Revenue, 414 So.2d 983 (Ala.Civ.App. 1982). The remedy that was contemplated by § 40-1-11 was in the nature of a declaratory judgment. Haden v. Lee's Mobile Homes, Inc.,41 Ala. App. 376, 136 So.2d 912 (1961), cert. denied, 273 Ala. 708,136 So.2d 920 (1962). Therefore, Grant's failure to appeal the final assessment within 30 days foreclosed any attack on the assessment through a declaratory judgment action. Lambert,supra.
Grant, however, states that he is not before this court to contest the final assessments or to appeal from them. He objects, rather, to the computation of interest and the application of the statute of limitations relating to the collection of the tax. Clearly, these are matters to which a taxpayer could not object at the time of the assessment. Because this is not a contest of the final assessment, we hold that the declaratory judgment action was not an appeal of the final assessment and was not due to be dismissed on that basis.
Grant also contends that collection of the income tax and sales tax accounts was barred by the statute of limitations. Section 40-29-51, Ala. Code 1975, provides a 10-year limitations period, that period to run from the date of the final assessment. The trial court held that the 10-year statute of limitations applied to the income tax assessment, that the present action of the taxpayer was brought within the 10-year period and that, therefore, the collection of the income tax assessment was not barred. However, § 40-29-51 was enacted in 1983 and became effective on January 1, 1984. Statutes are usually prospective in operation, not retroactive, unless they provide otherwise. First National Bank of Birmingham v. State,262 Ala. 155, 77 So.2d 653 (1954). The income tax assessment was entered on May 11, 1982, before the effective date of the act. Therefore, the 10-year statute of limitations did not apply in this case.
Grant argues that, at the time of the assessment against him, § 6-2-35 provided that "all actions by the state or any subdivision thereof for the recovery of amount claimed for . . . other taxes" must be commenced within five years. The Department failed to attempt collection within that time; therefore, Grant was entitled to a judgment *Page 1372 
preventing the Department from any further collection attempts on the income tax assessment. We reverse the dismissal as to the income tax assessment.
Grant further contends that he was entitled to a refund of excessive interest on the sales tax assessments. The trial court found that claim to be without merit, stating:
 "Without objection, it has been called to the Court's attention that a previous action was filed by the State against the Taxpayer requesting that the Taxpayer be enjoined from doing business until such time as he came into compliance with the sales tax statutes. The previous case was filed in the Circuit Court for Crenshaw County before the Honorable Arthur E. Gamble, Jr. and assigned case no. CV-88-42. A review of the Court records in this case and the previous case shows that the Taxpayer paid the sales tax assessments in full and that the injunction was dissolved and dismissed by Judge Gamble on March 10, 1992. The doctrine of collateral estoppel prohibits a taxpayer from relitigating in this action a claim that he should have asserted in the prior case."
The record before this court does not contain the evidence referred to by the trial court. On appeal, the appellant has the burden of ensuring that sufficient evidence is contained in the record to warrant a reversal. State ex rel. Gibson v.Gibson, 555 So.2d 1092 (Ala.Civ.App. 1989). In addition, this court may not reverse where the record is not presented for review. Id. Therefore, we affirm the dismissal of the action as to the sales tax assessments.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.